## BOARDMAN V. BOURNE.

1. **Tax deed: "SALE IN LUMP."** When a tax deed recited that several parcels of land, describing them, were subject to taxation for a certain year; that the taxes for said year remained due and unpaid; that the treasurer of the proper county did on the 1st day of October, 1860, expose to public sale, in substantial conformity with all the requisitions of the statute, in such case made and provided, said real property; that at the time and place of said sale the purchaser, naming him, "having offered to pay the sum of sixty-three dollars and eighty-three cents, being the whole amount of taxes, interest and costs then remaining due and unpaid on said property, for *all the herein before described lands*, which was the least quantity bid for, and the payment of said sum having by him been made to said treasurer, the said property was stricken off to him at that price," &c. *Held*, That the deed showed upon its face a violation of the law requiring the sale to be made in parcels, and that it was void.

*Appeal from Marshall District Court.*

TUESDAY, FEBRUARY 6.

RIGHT. — Plaintiff relies upon a tax title. To maintain his case he offered in evidence three deeds made by the county treasurer to Abell and Woodbury (his grantors), executed in October, 1863, under a tax sale made in 1860, for the delinquent taxes of 1859. Two of these deeds purport to convey each two, and the third fourteen distinct tracts of land, and each contained one of the parcels claimed in this action. This evidence was objected to, the objection sustained, and its exclusion constitutes the vital question in this case. Plaintiff appeals.

*Henderson & Boardman* for the appellant.

*Withrow & Smith* and *Cook & Drury* for appellee.

WRIGHT, J. — Appellant insists that there was error in excluding certain deeds made by Abell and Woodbury to him. The questions arising on such deeds, however, are of secondary importance — the primary one being as to the validity of the collector's deed, for if plaintiff's grantors had no title, this ends the controversy.

1. TAX DEED: "sale in lump."

In each of these deeds we find this language, "know all men, &c., &c., &c. Whereas, the following described real property, viz.": (then follows a description of the several tracts of land; in one case over 1,100 acres and in the others two distinct forty acre tracts), "situated, &c., &c., was subject to taxation for the year 1859, and, whereas the taxes assessed upon said real property for the year aforesaid, remained due and unpaid, &c., * * and whereas the treasurer of said county did, on the 1st day of October, 1860, * * * * expose to public sale at, &c., * * * * in

substantial conformity with all the requisitions of the statute, in such case made and provided, the real property above described, for the payment of the taxes, &c.; * * and whereas, at the time and place aforesaid" (the name of the purchasers), "having offered to pay the sum of sixty-three dollars and eighty-three cents ($63.83)," (the other deeds differ in the amount paid only), "being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for *all the herein before described lands*, which was the least quantity bid for; and payment of said sum having been by him made to the said treasurer, the said property was stricken off to him at that price; and whereas three years have elapsed, &c., * * Now, therefore," &c. Then follows the granting part of the deed, covering all the lands in the prior part of the deed described.

If the treasurer sold these lands "in a lump," and not separately, there can be no doubt that his action would be not only without legal warrant but in direct violation of the express language of the statute. Without quoting at length, we refer to the Revision, §§ 764, 765, 766, 768, 769, 772, 773, 777, 779, 780, 781.

The deed, however, is by the statute made presumptive evidence of certain things, and conclusive evidence of others. Among others, it is conclusive evidence "that the property was sold for taxes, as stated in the deed," and "that the sale was conducted in the manner required by law." Suppose, however, the deed shows upon its face that the land was not sold "as the law requires," or that the manner *therein stated* shows that the law was violated, can the grantee, or one claiming title under such deed, claim the protection which the law might otherwise give to such conveyance? In other words, suppose the deed, upon its face, demonstrates that the taxes were not delinquent at the time of the sale; that the sale was made at a time or place not authorized by law; that no notice

Boardman v. Bourne.

was given thereof, or that in any other respect there had been a substantial departure from the law, or a like failure to comply with its provisions; would it be conclusive, and be sufficient to entitle plaintiff to recover, unless the owner could show some of the matters specified in the concluding part of § 784 of the Revision? It seems to us not. In such a case, the deed would carry with itself the evidence of its own invalidity. To say that it is conclusive as to those matters, which, on its face, appear to be wanting, or conclusive evidence of the fact that the officer did these very matters which he says he did not do, would be legally and logically anomalous. If a party takes a title, which on its face is invalid, he cannot be heard to say that, because, if it had been otherwise, it would have had certain conclusive qualities, it has the same effect, when it contains the elements of its own invalidity. And, therefore, when the deed shows, as this one does, that several tracts of land were sold together for a gross sum, in clear violation of the statute, as there was no authority to thus sell, and the party claiming title thereunder has notice of it, from the deed itself, he can take no title thereby. The deed does not follow the particular form given in the statute, for it shows expressly that so much was had, and paid "*for all of the hereinbefore described lands.*" *Atkins* v. *Kinman*, 20 Wend., 249, and cases cited in note 3.; Black. on Tax Titles, 368; *Wallingford* v. *Fiske*, 24 Maine, 386; *Pitkin* v. *Yan*, 13 Ill., 253; *Willey* v. *Scoville*, 9 Ohio, 43; *Andrews* v. *Sertor*, 32 Maine, 394; *Martin* v. *Harris*, 9 Watts, 319; *Woodburn* v. *Wiseman*, 3 Casey, 18.

Affirmed.