## FERGUSON v. HEATH.

1. **Tax sale: IN GROSS: DEED.** A tax deed conveying lands sold for taxes under the revenue act of 1860, and showing upon its face that two tracts of land were sold together for a gross sum, is void. Following *Boardman* v. *Bourne*, 20 Iowa, 134; *Bryan* v. *Cook*, *ante*.

2. **Practice: EXCEPTIONS.** When the defendant offered in evidence, to establish title, a deed void upon its face, to which the plaintiff interposed several objections, none of which related to the fatal defect in the deed, which objections were overruled, and the bill of exceptions shows that upon this deed "the court found for the defendant, to which finding the plaintiff then and there excepted;" and it further appeared that the same ground was set forth on the motion for a new trial: *Held*, that the question as to the validity of the deed was properly saved.

*Appeal from Iowa District Court.*

· THURSDAY, DECEMBER 13. ·

TAX DEED: WHEN VOID ON ITS FACE: PRACTICE: EXCEPTIONS.—This is an action to recover the possession of the north-east quarter of the south-east quarter, and south-east quarter of the north-east quarter, section 10, township 78, range 12, west. The pleadings are in the usual form, each party claiming title in himself. Trial to court in 1865, a jury being waived. The bill of exceptions shows that the plaintiff on the trial introduced without objection, deeds to the land from the *United States down to himself*, and thereupon rested his cause. It also shows that the defendant offered to introduce in evidence a tax deed, to the same lands, to prove title in himself.

To this deed the plaintiff objected :

1. Because the tax for which the land was sold was assessed and levied under the revenue law of 1858, and the sale made under that of 1860.

2. Because the law of 1860, so far as it applies to taxes assessed and levied under the act of 1858, is unconstitutional.

3. Because the name of the officer who took the acknowledgment is not set forth in the *body* of his certificate.

These objections were overruled, and the tax deed admitted in evidence, to which the plaintiff excepted. The bill of exceptions recites that said tax deed was " all the evidence on the part of the defendant, and the court therefore found for the defendant, to which finding the plaintiff then and there excepted."

Plaintiff moved for a new trial :

1. Because the court erred in finding for and rendering judgment in favor of the defendant.

2. The court erred in not finding for the plaintiff.

3. In admitting the tax deed in evidence.

This motion was overruled, and the plaintiff excepted. Judgment being rendered against him, he appeals to this court.

*Templin & Son* for the appellant.

*Fairall & Boal* and *J. H. Murphy & Bro.* for the appellee.

DILLON, J.—The tax deed upon which the defendant relied, shows on its face that the two tracts of land men-

1, TAX SALE: in gross. tioned in the statement were sold at the adjourned tax sale in December, 1861, for the delinquent taxes of 1860, *in a lump* to the defendant, for the gross sum of five dollars and seventy cents.

This makes the tax deed void upon its face. So held in *Boardman* v. *Bourne* (20 Iowa, 134), and in *Byam* v. *Cook* (at present term). This deed could not, therefore, be the foundation of a legal recovery by the defendant.

Although the tax was assessed and levied under the previous act of 1858, yet the land was sold under the law

.of 1860, in force from and after the 4th day of July, 1860. Rev., chap. 45. This latter law was the one that governed, with respect to the mode of sale, and this makes the cases of *Boardman* v. *Bourne* and *Byam* v. *Cook* applicable to the tax sale and deed to the defendant. See *Corbin* v. *Hills, ante.*

We need not, therefore, consider whether a sale of two distinct parcels in a lump would not, if the fact appeared on the face of the deed, invalidate it as well under the act of 1858 as under that of 1860.

The recovery of the defendant by virtue of a deed void upon its face, was erroneous, and for this error the judgment must be reversed, provided the appellant has saved the point upon the record.

The appellee claims that the record shows that the plaintiff made no such question in the District Court, and PRACTICE: therefore he cannot be allowed to make it in exceptions. this court. The condition of the record is fully set . forth in the statement. It is true that the plaintiff did not object to the introduction of the tax deed on the ground that it was void upon its face, because it showed a sale of the two parcels *en masse*. This was not one of three objections which he made to the reception of that deed as evidence.

We will concede that those objections were properly overruled, and that so far as they were concerned the deed was properly admissible. Suppose the record showed that the plaintiff did not make any objection whatever to the introduction of the tax deed; would he therefore lose his right to insist that it was void upon its face.

And would he, if the court should hold it valid, and he excepted, lose his right to complain of such holding? Clearly not. The plaintiff's evidence showed affirmatively, that he was the owner of the land, unless the defendant should prove title in himself. The record

also shows affirmatively that the defendant introduced no evidence of title in himself, except this tax deed, and "*that upon this evidence the court found for the defendant, to which finding the plaintiff then and there excepted.*"

This saves the point, especially when it is shown that the plaintiff, in his motion for a new trial, expressly claimed that the court erred in rendering, upon this evidence, judgment against him and in favor of the defendant.

In other words, the record shows affirmatively, that the court erred in holding that the tax deed was valid, and basing a recovery upon it; and it further shows that to this holding the appellant excepted, and afterward (if this was *then* necessary) he made this erroneous ruling a ground of his motion for a new trial.

Therefore we are of opinion that there is error upon the record, clearly shown and duly excepted to.

The judgment below is reversed, and the cause remanded for a new trial.

Reversed.