### CORBIN v. DE WOLF.

Tax sale: SALE IN GROSS AND IN PARCELS : CASE EXPLAINED. Land may be sold for taxes in tracts greater than forty acres when so assessed. For while subdivisions that are assessed separately, or are in fact distinct, cannot be sold in gross, a subdivision or tract, though greater than forty acres, may be sold in a body, if thus assessed; and such sale will not, for that reason, be declared illegal, when it does not appear that the taxes due upon the tract could have been satisfied by the sale of a part thereof. The case of *Penn* v. *Clemens* (19 Iowa, 372) explained.

*Appeal from Cedar District Court.*

MONDAY, JUNE 22.

ACTION to recover a quarter section (160 acres) of land. The plaintiff claims title under a tax deed; the defendant sets up the fee simple title in himself. The other facts in the case will appear in the opinion.

Judgment in the District Court for defendant. Plaintiff appeals.

*Cook & Drury* for the appellant.

*Wolf & Landt* for the appellee.

BECK, J.—To support his right to recover, plaintiff offered in evidence a tax deed which conveyed several

TAX SALE: sale in gross and in parcels: case explained.

parcels of land, the tract in suit among them. The deed recites that " each of the above described tracts having been sold separately for the sum of money named, and in each case the whole of the lands on which taxes were due as aforesaid, which was the least quantity bid for." To the introduction of the deed in evidence defendant objected, because it appeared therefrom that the whole tract was sold together for the taxes due thereon, claiming that no more than forty acres, the sixteenth of a section, the smallest government subdivision, could be offered and sold at once: in other words, that land cannot be sold for taxes except in tracts not greater than forty acres.

This objection to the deed was sustained, and it was not permitted to go in evidence.

The record expressly discloses the fact, " that it did not appear that the taxes due upon the whole quarter section could have been satisfied by the sale of a part thereof, nor that it was not assessed in one body to the owner." No irregularity in the assessment, sale or other proceeding appears.

The question presented for our decision is this : can land be sold for taxes except in tracts not greater than forty acres ?

The defendant does not claim that the assessment must be made in such parcels, but that when assessed in larger quantities, it is the treasurer's duty to offer and sell it in forty acre tracts or smaller parcels, according to the government subdivisions.

We fully concur in the view of defendant's counsel, that no more land ought to be sold for taxes than is necessary to satisfy the amount, with interest and costs, that is due against it; neither are we inclined to extend greater indulgence to these than judicial sales, or to relax the strictness of any rule applicable to them. We are, however, unable to find sufficient reason for the doctrine contended for by defendant's counsel.

If it be true that land, properly assessed in quarter sections, must be sold in "forties," the tax must be either apportioned to these subdivisions, or one "forty" must be offered and sold to pay the tax on the whole quarter. If the tax is apportioned, to be done justly, it must be in accordance with the value of each subdivision, otherwise those of unequal values would be charged with the same tax, which would be oppressive in cases where, after the assessment, different persons had become owners. But to so apportion the tax would require an appraisement, in fact a new assessment. The treasurer who conducts the sale has no authority to make the apportionment, either equally to the different parcels or according to their value. To require him to do so is beyond our power.

If there are reasons which support such a course of sale, they must be addressed to the legislature; we fail, however, to perceive them.

But it may be argued that the proper manner of sale is to offer one "forty" for the taxes of the whole tract. That is well, but the law does still better. It requires that the least portion shall be offered which a bidder will take and pay the taxes and costs. If less than half is so sold, it shall be taken out of the south-east corner; if more, off the east side. Really, then, a less quantity of defendant's land was offered for sale. It is not claimed that the sale was not conducted in accordance with the law; defendant's land, then, was offered for sale in the

manner he contends was just. It may be remarked, that the provision of the statute operates fairly toward purchasers of land incumbered with taxes, for they have notice which part will be first exposed to sale.

Our view of the legality of the sale of tracts containing more than forty acres, is confirmed by reference to the following provisions of the statute.

Section 764 provides, that the advertisement of the sale of lands for delinquent taxes shall "contain a description of the several parcels of real property to be sold as the same are recorded in the tax list." Section 765 directs the treasurer to "offer for sale, separately, each tract or parcel of real property advertised for sale," etc.

From these sections it appears that lands are to be advertised and sold under the descriptions, and in the tracts or parcels in which they are entered in the tax book. Sections 737 and 745 provide, that, in cases where the owners of any lands are unknown, the assessment thereof, and the entry of the same in the tax book, shall be in tracts of not more than one-sixteenth of a section, or other smallest subdivision of land according to the government survey. Now, this express direction, in cases of unknown owners, for the assessment in the smallest government subdivision, is authority, where the owners of land are known, for its assessment in larger tracts. *Expressio unius est exclusio alterius.* The land in suit having been properly assessed in a body, could be so offered and sold for the taxes.

The defendant relies upon *Penn* v. *Clemens* (19 Iowa, 372) to support his views. It was rightly held in that case, that the law did not authorize the sale in gross of two tracts of land which were assessed separately. This was the point decided. The defendant's counsel italicises the word "*subdivision*" used in the quotation he makes

from the opinion, and seems to rely upon the expression used, viz., "the sale of several distinct subdivisions or parcels of land in gross is irregular," as a direct decision of the point he raises.   Now, the mistake he falls into is obvious.   The word "subdivision" is used to indicate a quantity of land, greater or less, and in its connection is synonymous with the word "tract."

He argues that the court means, by its use, forty acres. But eighty acres, or one hundred and sixty, or three hundred and twenty, when in one body, are subdivisions. One subdivision may be sold at a sale, but two cannot; one hundred and sixty acres in a body is one subdivision, and therefore can be sold at one sale.

The point decided is, that when these subdivisions are assessed separately, or are, in fact, distinct and separate, as two "forties" in different sections, they cannot be sold in gross.   The other authorities cited by defendant's counsel are not in conflict with the views we have here announced.

The other points made need not be discussed or decided, as the ruling above announced is decisive of the case.   The deed, upon the objections and for the reasons shown in the record, should not have been excluded.

Reversed.