Connor v. Griffin.

_____

## CONNOR v. GRIFFIN et al.

Continuance: IN ACTIONS OF RIGHT; DISCRETION. While, under the statute, continuances in actions for the recovery of real property may be granted for reasons of less importance than in ordinary civil actions, yet the action of the court below in overruling a motion for continuance will not be disturbed where there is no showing of affirmative error, or abuse of that discretion which is confided to the court in deciding upon applications of this character.

*Appeal from Jones District Court.*

SATURDAY, JUNE 12.

The opinion states the facts.

*Wilson & Doud* for the appellants.

*Shiras & Van Duzee* for the appellee.

WRIGHT, J. — This was an action to recover real property. It was commenced in Delaware county in November, 1865, taken, upon defendant's application, by change

of venue, to Jones county, continued from time to time, and tried in December, 1867, resulting in a judgment in plaintiff's favor. Defendants' appeal, relying upon an alleged error, in overruling their motion for a continuance.

In their answer they relied upon a tax title. It seems that the deed was defective under the decisions of this court in *Boardman* v. *Bourne*, 20 Iowa, 134, and cases following. To correct this alleged defect it also seems that defendants had instituted certain proceedings to compel the treasurer to make a new and corrected deed. The object of the several affidavits for a continuance, found in the record, was to satisfy the court that defendants had used all the diligence required by the law to obtain an adjudication of this question; and that, having obtained it, they had been alike diligent in procuring a certified transcript of the judgment to be used on the trial. And it is of the action of the court in refusing their applications, based upon these grounds, that they now complain.

This judgment must be affirmed for the reasons following:

1. The record is in a very confused condition, so much so, indeed, that we do not know, with any certainty, what was before the court below; we are not advised by bill of exceptions, or otherwise, upon what the court below acted. Indulging in every presumption, as we are bound to do, in favor of the ruling appealed from, and requiring error to affirmatively appear, we could not, upon this record, disturb this judgment. In determining these questions, much must necessarily be left to the discretion of the trial court — a discretion, it is true, governed and controlled by legal rules — and yet a discretion which we will not undertake to control, unless error affirmatively appears. And we certainly could not

be expected to so find upon this confused and blind record.

2. A continuance should not be granted for any cause growing out of the fault or negligence of the party applying therefor. Rev. § 3009. And now, though defendants were aware, for near two years, of the defect in this deed (*Boardman* v. *Bourne*, was decided in December, 1865), there does not seem to have been any very active steps taken to procure the correction of the same.

The court below could well conclude that there was negligence, certainly that due diligence was not shown.

3. There are some discrepancies in dates. An affidavit of one of the defendants bears date the day *after* the trial. And yet it contains internal evidence almost conclusive that it was made *before*. In many respects its averments are meaningless if this is not so. If made before, then there was no kind of necessity for a continuance, for defendants had proceeded and had in court the very record referred to in the other affidavits, and which were claimed to be so essential to the defense. This fact alone would forbid our interference with the order refusing the continuance.

And thus, while we are aware of the statute which justifies the court in granting continuances in actions for the recovery of real property, for reasons of less importance than in ordinary civil actions (Rev. § 3584), we are not advised that this court has ever interfered with the action of the court below upon a record, failing so completely to show affirmative error, as in the case before us.

The case was tried to the court: upon what testimony we do not know, for it is not contained, in part even, in the record.

Whether it warranted the judgment we cannot say. We must presume it did. It may be that defendants had the benefit of all the records and deeds to which they

refer; that there never was any sale for taxes; that plaintiff had paid the taxes; redeemed from the sale, or established some other fact completely demolishing the defense.

Let the judgment stand              Affirmed.