WARE *et al.* v. THOMPSON *et al.*

1. **Tax sale and deed :** SALE EN MASSE. A tax deed is void upon its face which shows several tracts of land sold together for a gross sum.

2. —— OF TRACT EXCEEDING FORTY ACRES. Land may be sold for taxes in tracts greater than forty acres when so assessed. Following the cases of *Corbin* v. *De Wolf*, 25 Iowa, 124, and *Stewart* v. *Corbin*, id. 114.

3. —— EFFECT OF VOID DEED. That a tax deed is void because it shows a sale *en masse* does not of itself render the *sale* invalid.

*Appeal from Black Hawk District Court.*

SATURDAY, JUNE 11.

IN EQUITY : TO SET ASIDE A TAX SALE AND DEED.—— Defendants' demurrer to the petition was overruled ; they excepted ; declined to answer over ; judgment granting the entire prayer of the petition ; and they appeal.

*Bois, Allen & Couch* for the appellants.

*B. W. Poor* for the appellees.

WRIGHT, J.—It becomes material to state with some particularity the averments of the petition. · Plaintiffs, in May, 1868, obtained from the owner in fee the title to an undivided half of the S. ½ of section, etc., and are still the owners thereof. In April, 1862, the county treasurer sold said premises for the delinquent taxes of 1860, to defendant, etc. This sale was illegal, etc., in this : "the said treasurer offered for sale at one time, and did sell, the whole of the S. E. ¼ of said section, etc. ; and the said treasurer at the same time and place offered for sale, and did sell, the whole of the S. W. ¼ of said section, etc., which said quarter sec-

tions include the undivided half of the · S. ½ of said section, etc. ; said quarter section, includes four distinct and legal subdivisions of land forty acres each, and said land was not sold in the smallest legal subdivisions thereof, as required by law, but was sold *en masse*, as aforesaid."

It is then stated, that in May, 1865, the treasurer executed to the purchaser a deed, purporting to convey the undivided half of each of said quarter sections, which deed is void in this : · "That it shows on its face that several distinct tracts or parcels of land were sold together for a gross sum, and the said deed purports to convey the said several distinct tracts or parcels for the gross sum of, etc., being the whole amount of tax, interest and costs then remaining due and unpaid on all of said several distinct tracts or legal subdivisions of land together." By the deed, a copy of which is attached to and made a part of the petition, it is made to appear that the treasurer did sell about six hundred acres of land located in different sections and townships, for, etc., " being the whole amount of taxes, interest and costs then due and remaining unpaid on said property."

This judgment must of course be affirmed, so far as it directs the tax *deed* to be set aside. It was clearly irregularly and improperly issued, is void, is a cloud upon plaintiff's title, and should be so declared. This conclusion we rest upon the authority of *Boardman* v. *Bourne*, 20 Iowa, 134, and the many cases following, which hold that a tax deed is void which shows upon its face that several tracts of land were sold togther for a gross sum—this being a clear violation of the statute. See *Ackley* v. *Sexton*, 24 id. 320 ; *Ferguson* v. *Heath*, 21 id. 438, and cases there cited.

As to that part of the judgment which set aside the *tax sale*, our opinion is that the court below erred. This is

Ware v. Thompson.

2.——of tracts exceeding forty acres. plain enough, in view of what was ruled in *Corbin* v. *DeWolf*, 25 Iowa, 124, and followed in *Stewart* v. *Corbin*, in. 144. For, by these cases, it was held that land may be sold for taxes in tracts greater than forty acres, when so assessed ; that, while subdivisions that are assessed separately, or are in fact distinct, cannot be sold in gross, yet a subdivision, though greater than the sixteenth of a section, when so assessed, may be sold in a body. And this is especially so of lands assessed to known owners. Rev. §§ 737, 745, 764.

The pleader in the case before us fails to state whether the owner of this land was "known" or "unknown." Nor is it stated that these quarter sections were assessed or advertised in forty or eighty acre tracts ; nor that they were thus subdivided. In fact, so far as appears from the petition, the land was sold in a body, just as it was subdivided in the assessment, and not otherwise.

To avoid the effect of the rules thus stated, appellees insist that a fair construction of the pleading shows that 3.——effect of void deed. the *two quarter sections* were sold in gross, being distinct and separate parcels. This is, however, not warranted by the language of the pleader. The averment is, that the officer sold the whole of a *quarter section*, and not that he sold together, or under the same bid, the whole *half section*. Than this, few things could be plainer.

The attempt to connect with this part of the petition what is said in a subsequent clause, in relation to the tax *deed*, is equally without warrant. The averments there made are for the purpose of showing that the deed is void, and this, not because these tracts were sold together, but because they, with more than four hundred other acres, were sold in "a lump," or in gross. It is not alleged that the *sale* was made as in said deed recited. The conveyance itself might be void upon its face, because of these

recitals ; but unless it appears that the land was thus sold, the *sale* itself would not be thereby invalidated.

To this extent, therefore, the demurrer was improperly overruled. It by no means follows, however, that defendants are entitled, as counsel claim, to final judgment in this court. Plaintiffs have the right to amend, if they so desire. It is defendants, not plaintiffs, who stand by their demurrer. If this had been sustained, plaintiffs could have amended in the court below, and this they may still do. If it had been sustained and plaintiffs had refused to amend, an affirmance of that order here might have justified the order which defendants now ask. Not so, however, under the circumstances of this case.

The practice upon this subject was indicated as long ago as 1855. *Pierson* v. *David*, 1 Iowa, 35. And from it there has been no departure. The case of *Cowles* v. *Gray*, 14 id. 1, cited by appellants, is far from favoring their position.

Reversed, and remanded with leave to plead anew, if the parties shall be so advised.

Reversed.