## BULKLEY v. CALLANAN.

32    461
129   654.

1. Tax sale: OF TRACTS GREATER THAN FORTY ACRES. Land of known owners may be properly sold for delinquent taxes in tracts greater then forty acres when so assessed; and when nothing appears to the contrary from the face of the deed it will be presumed that the owners were known and that the sale in other respects was authorized.

2. —— CONCLUSIVENESS OF DEED. While as to the *fact* of an assessment, levy or sale, a tax deed is not conclusive evidence, it is, as to the manner thereof.

3. —— EXECUTION OF SECOND DEED. When the treasurer has executed to the purchaser a valid deed in compliance with the statute and the sale, he cannot divest or in any manner affect the title thus conveyed by the execution of a second deed.

*Appeal from Greene District Court.*

SATURDAY, OCTOBER 21.

ACTION in equity to set aside a tax deed held by the defendant for three quarter sections of land, of which the plaintiff claims to be the owner in fee simple. Trial and judgment for defendant, and plaintiff appeals. The further facts are stated in the opinion.

*Finch & Rivers* and *Goode & St. John* for the appellants.

*Barcroft, Gatch & Hammond* for the appellee.

MILLER, J. — I. It is not disputed that, but for the defendant's tax title, plaintiff would have an absolute title

1. TAX SALE: of tracts greater than forty acres.

to the land in controversy. We are therefore relieved of any examination of plaintiff's title, except so far as it may be affected by the tax deeds to defendant. On the trial the defendant offered in evidence a tax deed for the land in controversy, purporting to have been executed, acknowledged and recorded on the 5th day of February, 1867. Also another tax deed for the same land, purporting to have been executed on the 17th, and acknowledged and recorded on the 19th day of September, 1870. These deeds were both objected to by plaintiff's counsel as void on their face, for the reason that they showed a sale of several tracts of land *en masse* and for a gross sum. The overruling of these objections, and the ruling of the court holding that defendant acquired

the title to the lands under these tax deeds, is the first point made in appellant's argument.

The first deed shows that the land in controversy was sold by the treasurer at a tax sale, on the first Monday of October, 1863, in separate tracts of one hundred and sixty acres each, for the taxes, interest and costs then due and remaining unpaid on each of said tracts of land respectively; that each tract was separately bid for by, and struck off to, one E. F. Frush, who assigned the several certificates of sale to the defendant, who, at the expiration of the term of redemption, no part of the land having been redeemed, demanded and received the treasurer's deed for the same.

It is insisted in argument for appellant, that, inasmuch as the deed shows that more than forty acres, or the least legal subdivision of land, was sold at one sale, the deed upon its face shows a non-compliance with the requirements of the revenue law, and is therefore null and void.

This position is fully answered in the case of *Corbin* v. *De Wolf*, 25 Iowa, 124, where it is held that land may be sold for taxes in tracts greater than forty acres, when so assessed to known owners; that sections 737 and 745, which require that in cases where the owners of lands are *unknown*, the assessment thereof and the entry of the same in the tax-book shall not exceed the sixteenth part of a section, or smallest subdivision of land according to government survey, is, upon the maxim *expressio unius exclusio alterius*, authority, where the *owners are known*, for its assessment in larger tracts.

And the case of *Penn* v. *Clemans*, 19 Iowa, 372, which holds, that "the sale of several distinct subdivisions or parcels of land in gross is irregular," is explained in the opinion delivered by Mr. Justice BECK, thus: "The word 'subdivision' is used to indicate a quantity of land, greater or less, and in its connection is synonymous with the word 'tract.' * * * Eighty acres, or one hundred and sixty, or three hundred and twenty, when in one body, are sub-

divisions. One subdivision may be sold at a sale, but two cannot; one hundred and sixty acres in one body is one subdivision and, therefore, can be sold at one sale."

"The point decided in *Penn* v. *Clemans* is, that when these subdivisions are assessed separately, or are, in fact, distinct and separate, as two 'forties' in different sections, they cannot be sold in gross." *Corbin* v. *De Wolf*, *supra*.

If the deed showed that the land had been assessed to an' unknown owner, in tracts greater than forty acres and so sold, it would show a sale in violation of the statute; but the deed does not so show, and as it is regular and proper, in case of known owners, to assess lands lying contiguous, in tracts as large as one hundred and sixty acres, and to thus offer the same for sale for the taxes, interest and costs due and unpaid thereon; and when no person offers to pay the amount thus due and unpaid, for a quantity of the land less than the whole tract, the treasurer may lawfully sell the whole tract, it follows that there is no irregularity or illegality apparent upon the face of this deed, but on the contrary it appears that the law in all respects has been complied with, taking the recitals of the deed as true. See *Corbin* v. *De Wolf*, *supra*; *Eldridge* v. *Kuehl*, 27 Iowa, 160; *Stewart* v. *Corbin*, 25 id. 144; *McCready* v. *Sexton & Son*, 29 id. 356; *Ware et al.* v. *Thompson*, id. 65.

II. What effect then must be given to the deed? Appellant claims, that in point of fact, the land was not
2. —— conclu- assessed in quarter section tracts as sold, but
siveness of
deed. in "eighths"; and he offered evidence tending to establish this position. This evidence is objected to by appellee, on the ground that the deed is conclusive evidence of the regularity of all the proceedings.

By section 784 of the Revision, a tax deed executed and acknowledged by the treasurer, in substantial compliance with the requisites of the law, is declared to be *conclusive* evidence of certain things, and *prima facie* evidence of

others. In *McCready* v. *Sexton & Son*, 29 Iowa, 356, this court held, that as to the *facts* of *assessment, levy* and *sale*, it was not competent for the legislature to enact that the deed should be conclusive upon the person whose land was sold; that as to these fundamental facts — these essential prerequisites — the deed was not conclusive evidence. It is said, however, in that case, that "as the time and manner in which they (the assessment, levy and sale, which are the only fundamental steps) shall be done, the discretion of the legislature is absolute and supreme, and cannot be judicially controlled or interfered with. Having the right to prescribe the manner, it may also rightfully provide, that a failure to comply with its directions as to the manner shall not defeat the end, or that no person shall question the manner, or that any subsequent act shall be either *prima facie* or conclusive evidence that the law, as to the time and manner, was complied with." And, in *Rima* v. *Cowan et al.*, 31 Iowa, 125, it was held, by a majority of the court, that although the statute could not make the deed conclusive evidence of the *fact* of a sale of the land for taxes, it did make it conclusive as to the *manner* of sale.

Appellant does not question that the lands in dispute were, in fact, assessed; that taxes were levied thereon, and that they were, in fact, sold by the treasurer for the taxes thus levied and remaining due and unpaid. The objections are exclusively as to the *manner* of the sale. Of this the deed is conclusive evidence, that the sale was conducted in the manner required by law, etc. Rev., § 784; and see *McCready* v. *Sexton & Son, supra; Rima* v. *Cowan et al. supra; Hubbard* v. *Board of Supervisors*, 20 Iowa, 134; *Allen* v. *Armstrong*, 16 id. 508; *Eldridge* v. *Kuehl, supra*.

III. Again, it is insisted, that the second deed, made by the treasurer to defendant for the same land and upon the same sale upon which the first was executed, rendered the first null and void, and that as

3. ——execution of second deed.

the second deed shows a sale of four hundred and eighty acres of land for a gross sum at one sale it is void.

We have seen that the deed first executed by the treasurer is regular on its face and conclusive on the questions made by appellant, and, being recorded, it vested in the defendant "all the right, title, interest and estate of the former owner in and to the land conveyed," under section 784 of the Revision. This being so — the treasurer having made a deed to the purchaser in pursuance of the sale of the land for taxes — the making of the subsequent deed was a mere nullity. The treasurer, when he made and acknowledged a *valid* deed in accordance with the sale, exhausted his power to make another, and the making of a second deed in such case could have no effect upon the title vested by a prior one. The treasurer has power to make a second deed *only* in case of an informal or insufficient execution of the first in substantial compliance with the law and the sale of the land. *Harper* v. *Sexton*, 22 Iowa, 442; *Finley* v. *Brown*, id. 538; *McCready* v. *Sexton, supra; Thomas* v. *Stuckle et al., ante*, 71. When, therefore, the treasurer has exhausted his power by the execution and acknowledgment of a tax deed, formal and regular in all respects, by which the title has become vested in the purchaser, that title cannot be divested or affected in any degree or manner by the execution of a subsequent deed which the treasurer had no power to make; and the question, whether such subsequent deed shows a compliance with the law or not, is immaterial.

Our conclusion upon the whole case is, that the grounds urged by appellant for setting aside defendant's tax deed and title to the lands in controversy are, under the statute and former decisions of this court, insufficient, and the judgment of the district court must be

Affirmed.