## SMITH v. EASTON.

1. **Tax sale:** OF TRACTS GREATER THAN FORTY ACRES: EFFECT OF DEED. Lands of known owners may be sold in tracts greater than forty acres when so assessed, and where a deed shows on its face a sale for a gross sum of a tract greater than forty acres, but it does not appear that the land was assessed to an unknown owner, the deed will be held regular and valid.

2. —— No invalidity appearing on the face of the deed, it is, it seems, conclusive evidence that the sale was conducted in the *manner* required by law.

*Appeal from Winnesheik District Court.*

THURSDAY, DECEMBER 11.

THE plaintiff alleges that he is the owner in fee simple of the east half of the north-west quarter of section 27, in township 97, north of range 7 west; that the defendant holds a tax deed from the treasurer of the county for the same lands on a sale thereof for delinquent taxes for the year 1861, which tax deed, it is alleged, is illegal and void because a tract of more than forty acres was sold for the gross amount of taxes due thereon, and that there was no regular adjournment of the sale. A decree is prayed declaring the tax deed null and void.

The defendant answers, denying that there was no regular adjournment of the sale from the annual sale in October, 1862, to January 5th, 1863. He also files a cross-petition, in which

he alleges that the land was sold to him by the treasurer in separate tracts of forty acres each for the unpaid taxes due thereon respectively, and asks that the treasurer be made a party to the action and required to make to the defendant a deed for each forty-acre tract so sold.

To this cross-petition the plaintiff demurred, which, being sustained, the court rendered a final decree annulling the defendant's tax deed. The defendant excepted and appeals.

*E. E. Cooley* for the appellant.

*Levi Bullis* for the appellee.

MILLER, J. — The plaintiff annexes a copy of the tax deed of the defendant as an exhibit to his petition. It shows that the land in controversy — an eighty-acre tract — was sold by the treasurer " on the 5th day of January, 1863, at an adjourned sale begun and publicly held on the first Monday of October, 1862, for the taxes due and delinquent thereon for the year 1861." The plaintiff claims that the deed is void on its face because it shows that a tract of more than forty acres was sold for a gross sum. The defendant, in his answer, accepted this theory of the law and asked the court to compel the treasurer to make separate deeds for each forty-acre tract, alleging that the land had been in fact thus sold.

It is not illegal nor even irregular, in the case of known owners, to sell lands for the delinquent taxes thereon, in tracts greater than forty acres. It is only in case of non-resident owners that such sales would be irregular; and when it does not appear on the face of the deed that the land was assessed to an unknown owner, it will not be so presumed, and such deed, showing a sale of a tract of more than forty acres for the taxes due and delinquent thereon, shows no illegality or irregularity in this respect, but, on the contrary, its regularity affirmatively appears. *Bulkley* v. *Callanan*, 32 Iowa, 461, 464, and cases cited.

VOL. XXXVII. — 74

The treasurer's deed in this case fails to show that the land was assessed to an unknown owner, and consequently it does. not show that the sale of an eighty-acre tract was illegal or irregular, but the contrary.

Again, it is well settled that in respect to the manner or mode of making the sale, the tax deed is *conclusive evidence* that the sale was conducted in the *manner* required by law. *Rima* v. *Cowan et al.*, 31 Iowa, 125 ; *Bulkley* v. *Callanan*, *supra*, and cases cited ; unless when it shows on its face that the law has been violated. *Boardman* v. *Bourne*, 20 Iowa, 134.

The deed in this case is, on its face, regular and valid, and the court erred in sustaining the demurrer, and in rendering judgment for plaintiff. See *Smith* v. *Easton*, *ante*, 584.

Reversed.