## MARTIN v. COLE.

### MILLER v. SAME.

### DALTON v. SAME.

1. **Taxation:** LEVY: RECORD ENTRY: EVIDENCE. The entry upon the proper book of records of the order for the levy of a tax, although the order is not signed by the officers constituting the board of equalization, is sufficient evidence that such levy was authoritatively made.

2. **Tax sale:** FRAUDULENT COMBINATION. Evidence tending to show that certain lands were purchased at a tax sale under a fraudulent combination, will not affect other lands sold to other parties at the same sale.

3. ———: DEED: WHAT CONSTITUTES A "TRACT" or "PARCEL." The term "parcel" or "tract" is properly applied to a section; a tax deed for an entire section is valid.

    *Argument 1.* This court has held, in *Corbin v. DeWolf*, 25 Iowa, 125, the sale and deed of two government sub-divisions, assessed as one tract to a known owner, to be authorized by law. The same reasoning would sustain the deed and sale of any other two or more sub-divisions, or of a section.

    *Argument 2.* In the language of the courts and of the people "forties," "eighties," &c., are designated as fractions of a section, while sections, although they are the constituent parts of a township, are never spoken of as fractions of it. A section is the unit of government subdivision of lands.

    *Argument 3.* By statutory requirement, the land of unknown delinquent owners must be advertised in the largest quantity practicable to each description; it must be offered for sale in parcels as advertised, and the deed must be made for "each lot or parcel of land sold."

4. ———: ———: STATUTE CONSTRUED. Section 784 of the Revision is unconstitutional in so far as it makes a tax deed conclusive evidence of matters jurisdictional and essential to the exercise of the taxing power. Following *McCready v. Sexton*, 29 Iowa, 356. It is, however, conclusive evidence as to the *manner* of the exercise of these jurisdictional powers, such as the sufficiency of the proceedings at the sale.

5. **Practice:** APPEAL TO U. S. SUPREME COURT. A case will not be certified to the U. S. Supreme Court upon a question first raised in a petition for rehearing. To justify the granting of the certificate or give the appellate court jurisdiction, the question must appear upon the face of the record.

COLE, J., concurs in the conclusion, but bases it upon the facts established by the record, which bring the case within former decisions..

Martin v. Cole.

*Appeal from Tama District Court.*

THURSDAY, MARCH 19.

THESE are actions in chancery brought to set aside deeds made upon tax sales of certain lands in Grundy county. The first cause involves the title to sections 26 and 35, T. 87, N. R. 16; the second, sections 27 and 34, and the third, section 36, all in the same township and range. The tax sales and deeds made thereon, it is claimed in the petitions, are void for certain irregularities and illegalities therein set out.

The actions were tried before a referee who found certain issues of fact and law for the plaintiffs, and reported accordingly. His report was confirmed and a decree entered in accordance therewith. The facts in the three cases are very nearly the same and appear in the opinion, the differences being pointed out. The defendant in the several suits prosecutes these appeals. The cases were submitted to this court together, and upon abstracts substantially the same.

*E. W. Eastman,* for appellant.

*O. C. Miller* for Martin, appellee.

*L. Alford* for Dalton and Miller, appellees.

BECK, J.—The relief claimed in the three cases is the same, namely, the setting aside of certain tax deeds upon different lands, and is claimed in each case upon nearly the same state of facts, which, it is insisted, avoids the title of the defendant to the property in question. It is enough to say of the pleadings that they put in issue the sufficiency of the proceedings and conveyances under which defendant claims title. Our present duty is, to gather from the abstract before us the facts upon which the determination of the case depends.

The respective plaintiffs derive title to the lands claimed by each, by regular chain of conveyances from the grantees of the government. Defendant's title is based upon a sale of the lands for the taxes of 1860, had in 1862. The validity of this

tax title is involved in the questions before us. Our first care is to determine the facts upon which these questions depend for solution, and then apply the law thereto:

I. The lands were subject to taxation for the year 1859, and were for that year listed and assessed (appraised) in eighty acre tracts to unknown owners. Upon this assessment the lists were transcribed into the tax books of 1860 for taxation. This was sufficient for that year. See Acts 7th General Assembly, Chap. 152, § 30, Rev. § 720. We do not understand that the sufficiency of the assessment is denied by plaintiffs

II. That there was a levy of the taxes for the year 1860 is claimed by plaintiffs. Upon this question we are not permitted to entertain a doubt, for the fact of a levy, at the proper time, by the county board of equalization entrusted by the law with that duty, appears from the records kept by the county judge, one of the officers of the board. Acts 7th General Assembly, Chap. 152, §§ 31 and 38, Rev. §§ 808 and 323, and context. But plaintiffs assail this record and attempt to impeach it, as having been made without authority and surreptitiously. In this they fail. The order of levy has affixed to it the names of the officers constituting the board of equalization. It is shown that their names are not in the hand writing of two of them, the surveyor and treasurer. But this fact may be admitted and yet the record is not impeached. As a record it would be good without the signatures. An entry of the act of the board upon the record sufficiently showing the levy is all that was required. The record in that case would be evidence of the levy. It is probable that the order was made upon a separate paper signed by the officers, and then copied into the record. Under this state of facts the record would be sufficient without the production of the paper bearing the signatures, for it would be in fact the record of the action of the board. An attempt is made to show by one of the officers that in fact no levy was made. Without questioning the competency of the evidence, it is sufficient to remark that the attempt failed. The most that can be said of this evidence is, that the officer referred to did not remember making the levy.

1. TAXATION: levy: record entry: evidence.

Martin v. Cole.

III. A warrant complying with the requirements of the law was duly issued at the proper time, and attached to the tax list. No question is made as to its sufficiency.

IV. The next inquiry relates to the sale. Plaintiffs insist that there was, in truth, no sale of the lands or that if it be found a sale was had it is fraudulent and void, on account of combination among the bidders, with the knowledge of the officers conducting it. Upon the first branch of plaintiffs' position the evidence to our minds seems clear and satisfactory. In the first place there is a record of the sale. But without considering here the character of the record as evidence, our minds are brought to the conclusion upon other proof, offered by the parties, that there was in fact a sale; that the lands were offered in the usual and proper manner and struck off to bidders, or rather to the bidder who became the purchaser. The great preponderance of the parol evidence is to this effect. One witness testifies that there was no sale, that parties desiring to purchase, himself among the number, gave to the treasurer a list of lands they desired to secure, and they were entered upon the list as sold to them. But his evidence is by no means explicit as to the lands in question; he speaks more particularly of the lands bought by himself. Besides he was not present during all the time the sale was in progress. Other witnesses testify positively, directly, and plainly, upon the subject and assert that there was a sale conducted in the lawful manner.

The evidence, we think, also fails to establish the fraudulent combination charged by plaintiffs. The same witness just referred to testifies to something of that character. He states that the lands purchased by him were subject to such an arrangement, but he fails to show that there was any combination, as to the property in dispute. In truth, however, his evidence upon the point is not clear, nor is it direct. On the other hand the officers conducting the sale and others, directly deny the existence of such combination, and the agent of the absent purchaser of all the lands in question, who was all the time present, asserts that he was a party to no such a combination and that none existed. We find therefore from the evi-

<div style="margin-note">2. TAX SALE: fraudulent combination.</div>

dence that there was in fact a sale, and that the charges of fraud and combination are not sustained.

There is no claim that the taxes were paid, or the lands redeemed from the sale.

V.   Having found the lands subject to taxation, that they were legally listed and assessed, that the taxes were levied

3.——: deed: what constitutes a tract or parcel.

thereon, that there was a warrant for the sale of the lands, that there was a lawful sale and that the taxes were not paid and the lands were not redeemed from the sale, the essential requirements to support a tax title, we come to the next step in the proceedings necessary to divest the owner of his property, that is, the deed. The proceedings and conditions just enumerated are essential and jurisdictional in their character, and without all of them the tax title will be void.   *McCready v. Sexton & Son*, 29 Iowa, 356.

May 30, 1865, five deeds were executed to defendant, each one conveying a section *en masse*.

June 30, 1866, separate deeds were executed for each "forty" in sections 26 and 35 and for each "quarter" in sections 27 and 34, and September 26, 1866, for each "quarter" in section 36.

September 22, 1869, separate deeds were issued for each "forty" of sections 27, 34 and 36.

December 4, 1869, separate deeds were issued for each "eighty" of all the sections.

The deeds executed after those first made were for the purpose of correcting or supplying supposed defects therein which consisted in the recital of the sale of the lands in sections and in conveying them in the same manner.

This court has uniformly held that a deed showing a sale for taxes of two or more tracts or parcels of land together is void, and will defeat the title based thereon.   See *Penn v. Clemans*, 19 Iowa, 372; *Boardman v. Bourne*, 20 Iowa, 134; *Byam v. Cook*, 21 Iowa, 392; *Furguson v. Heath*, 21 Iowa, 438; *Harper v. Sexton*, 22 Iowa, 442; *Ackley v. Sexton*, 24 Iowa, 321;   *Ware v. Thompson*, 29 Iowa, 67.

These are cases in which distinct tracts or parcels from two

to fourteen were sold and conveyed together. The point settled by these decisions is, that deeds showing such a state of facts are void. In them will be found no rules to enable us to determine what division of land is to be considered a tract or parcel, and the point is not made or determined.

In *Corbin v. De Wolf*, 25 Iowa, 125, followed by *Bulkley v. Callanan*, 32 Iowa, 461, it is held that the sale of and deed for two government subdivisions, being assessed as one tract to a known owner, are authorized by law. The ground of this decision is that the two sub-divisions, "forties," are but moieties of another sub-division, an "eighty," which is itself a tract or parcel within the meaning of the law and the decisions of this court. The terms "tract" and "parcel" may quite as properly be applied to a quarter section, a half section, or a section, as to a "forty" or "eighty." Each of them is a government sub-division and they are commonly thus designated in the language of the courts, the government land officers and the people.

When lands are in different sections or quarters, or are not contiguous and cannot be described as one tract by one description, they do not in fact constitute one tract and cannot so be designated. If two "forties" properly forming an "eighty" may be sold together as one tract, no reason can be given why four "forties" which together constitute a quarter section may not in the same way be disposed of as one tract. The same course of argument requires us to concede that four quarters, eight "eighties," or sixteen "forties," which are but fractions constituting a section, may be considered as one tract or parcel and so sold. There is no escape from this conclusion. In truth, the section is the unit of our system for the division of lands. Parcels of less quantity into which they are sub-divided are but fractions of the sections. These, while they constitute townships, are never spoken of as fractions thereof. We conclude, therefore, that the term parcel or tract is properly applied to a section.

Prior to Chapter 25, Acts Extra Session 8th General Assembly, lands were required to be advertised in tracts of the same description in which they were found upon the tax list,

but that Act, § 4, provides that "when the name of the owner of any delinquent lands or town lots is unknown," the advertisement of sale "shall embrace the largest quantity practicable in each description." This provision · evidently means that when the owner is unknown, a section shall not be advertised in sixteen descriptions of "forties," nor in eight as "eighties," nor in four quarters, but in one as a section. Rev. § 765, provides that the county treasurer shall "offer for sale, separately, each tract or parcel of real property advertised for sale." The reference to the tract or parcel advertised unmistakably indicates that the sale shall be in such tracts or parcels as are found in the advertisement of sale; of this construction there can be no question. Thus far we have seen that a section is a tract or parcel and is properly designated in one description, and that it must be so advertised and sold. Section 781 directs the treasurer to "make out a deed for each lot or parcel of land sold." It follows that if a section of land was properly advertised and sold as a "tract or parcel," it may be conveyed by the same description. ·

We find no escape from the foregoing conclusions. We confess that some of us have labored long, earnestly and · anxiously to establish the position that the sale of a section of land *en masse* is not authorized by law. The thought that land in this wholesale manner may be sold for taxes is repugnant to our feelings, and against our views of right. We see, or suppose we see, doors opened wide by this law for oppression and unconscionable practices. · With the law as it is we have nothing to do but to construe and interpret its language, and enforce its provisions. We would most gladly, were we able to do so, establish a different interpretation, and, remembering the remark of an eminent English judge, that courts should be astute, subtle, cunning, in the interpretation of the law to the end that justice may be attained, we have sought every avenue of escape from the conclusion announced, but have found all barred and secured by principle, precedent, and inexorable arguments.

The jurisdictional matters being regular, and the deeds in conformity with the law, we find all the other questions settled

by prior decisions of this court. They relate to the manner of the sale and other proceedings. Of the regularity of these the deed is conclusive evidence. *McCready v. Sexton & Son*, 29 Iowa, 356; *Rima v. Cowan*, 31 Iowa, 125. Whatever is found in the record upon these subjects need not be considered, as we are required to regard the deed as evidence, not to be contradicted, of their sufficiency.

The deeds made subsequently to those first executed have no effect upon defendant's title. If the first are sufficient the others cannot invalidate or confuse the title, or prejudice either party. *McCready v. Sexton & Son, supra; Bulkley v. Callanan, supra; Gray v. Coan*, 30 Iowa, 536.

Other questions, as the refusal of the referee to continue the cause upon application of defendant, are unimportant, and need not be considered.

The petition in each case will be dismissed. One third of the costs of printing abstracts, and additional abstracts filed by defendant, and of amended abstracts filed by plaintiffs, will be taxed against the plaintiffs; the defendant will pay two-thirds of such costs, and judgment will be rendered accordingly. Plaintiffs will each pay equal portions of the one-third of these costs adjudged against them. All other costs will be paid by plaintiffs as they are taxed in each suit.

REVERSED.

OPINION ON REHEARING.

BECK, J.—An opinion was filed in three cases in the December Term, 1872, of this court, reversing the judgments rendered therein by the District Court. A petition for a rehearing was filed under the rules of the court and a re-argument permitted. This order was made on the grounds that counsel, in their petition for a rehearing, claim they were led into the belief, by expressions found in opinions rendered by this court in prior cases, that the main point determined by us in our opinion heretofore rendered in this case, namely, a sale of a section of land *en masse* for taxes and a tax deed, made under such sale, conveying the land by a like descrip-

tion may be valid, had been, by this court, determined otherwise; and that they understood counsel for appellant to admit this and to rely solely upon the tax deeds conveying the lands by descriptions and quantities less than a section. For these reasons, they claim, the point stated did not receive proper consideration in their former arguments. In the re-argument this point has been fully discussed and counsel for both sides have had all the time required by them for the consideration of the question and for a full and free criticism of our former opinion.

Our conclusions heretofore announced have not been changed by the extended and able arguments submitted by appellee's counsel, which have received the most patient and considerate attention from each member of the court. On the contrary our confidence in their correctness has been strengthened, and we have become thoroughly satisfied that no way of escape therefrom can be found. Counsel, it seems to us, have adduced every argument and consideration against these conclusions which ability, ingenuity, zeal and industry are capable of discovering. There remains, in our opinion, nothing more to be said on the subject. The question is one of no great compass, involving the construction of a statute and thereby the discovery of the the legislative will. As we have before had occasion to remark, that will when discovered, if within constitutional bounds, must be obeyed by this court although found in a revenue law and prescribing rules for the enforcement of the collection of taxes and providing for the sale of lands for that purpose. We have yet to learn that any respectable legal authority holds, or any good citizen would demand, that this court may or should disregard a constitutional law of the state, on the ground that, thereunder, titles of lands may be divested by sales for delinquent taxes and that in its operation and effects, it is marked by severity toward those who refuse or fail to pay their taxes. It is the duty of the courts of the State to uphold and enforce all constitutional laws. Much of what has been said upon the re-argument of this case is directed to pointing out the hardships wrought by the law and the abuses that may spring therefrom. With

these we have nothing to do. Such considerations should be addressed to the legislative department of the government. The law has been in force for more than thirteen years and whatever changes have been made have added to rather than diminished the severity complained of; we must presume that all this time it has not wanted legislative approval. This court has not hesitated to hold certain provisions found therein to be in conflict with the constitution and therefore void. On the other hand, so far as the statute has been found to harmonize with the constitution, it has been sustained and enforced. Law-abiding citizens of the State, however their interests may be affected by the statute in question, can expect and desire nothing more and nothing less.

I. We will proceed to state briefly considerations which support the conclusion reached in our former opinion. We will, however, do little but repeat and extend the thoughts we have before expressed, and it may be that we will not succeed in making them plainer.

This court has uniformly held that different tracts of land cannot be sold at a tax sale and conveyed by a tax deed *en masse*. *Boardman v. Bourne*, 20 Iowa, 136; *Ware v. Thompson*, 29 Iowa, 67, and cases following these decisions. These rulings are based upon the consideration that such sale and deeds are " in direct violation of the express language of the statute." In the case before us we are required to apply this rule, and in doing so, must inquire when and under what circumstances land, consisting of a given quantity, a certain number of acres, as measured and marked out by the government surveys, is to be regarded, under the provisions of the statute, as one tract or parcel. Now let us notice briefly all the provisions of the statute upon this subject in order to determine what the law means when it requires lands to be sold and deeded under tax sales in separate parcels or tracts. We will first state the provisions of the Revision, and afterward the subsequent amendment. Sec. 734. The assessor shall " list " each person in his township, and " assess " all property, personal and real. Sec. 737. When the name of the owner of real estate is unknown, it is assessed " without con-

necting therewith any name," but the words "owners unknown" are inscribed at the head of the page. Such real estate "shall be listed as near as practicable in the order of the numbers thereof," and no "one description shall comprise more than   *   *   the sixteenth part of a section or other smaller subdivision of the land according to the government surveys." Sec. 745. The clerk of the county transcribes into the tax book from the assessment books the descriptions of property; but when the owner is unknown no one description shall contain more than one-sixteenth of a section or other smallest subdivision of the land according to the government surveys. Sec. 764. Notice of the sale of lands for taxes is to be given by advertisement in a newspaper which shall contain "a description of the several parcels of real property to be sold as the same are recorded on the tax list." Sec. 765. The county treasurer shall offer for sale, separately, each tract or parcel of real property advertised for sale. Sec. 771. A copy of the advertisement with a certificate and proof of its due publication is to be filed in the office of the clerk. Sec. 772. The clerk is required to make a record of the sale, "describing the several parcels of real property" sold "as they are described in the list or advertisement on file in his office. The same record is made by the treasurer. Sec. 777. A certificate is delivered to the purchaser, describing the property bought by him "as the same was described in the record of sales." Sec. 781. At the expiration of the time for redemption the treasurer shall make out a deed "for each lot or parcel of land sold and remaining unredeemed." Sec. 782. Any number of parcels of land bought by one person, may be included in one deed.

It cannot be doubted that under these provisions lands were to be assessed, when the owners were unknown, in forty acre tracts, were to be so entered upon the tax lists and books and were to be advertised, sold and deeded by such descriptions. The language is plain and is to the effect that they shall be sold, and deeds made according to the descriptions in which they are advertised for sale. Not one word is said as to the quantity of land to be sold and deeded as one tract, further than

the parcels shall correspond with the advertised list. Upon this point there is no foundation for dispute.

But section 764, is amended by Chap. 24, Acts extra session 8th General Assembly. Section 4 of that act provides that, "In giving notice of the sale of lands or town lots for taxes, it shall be the duty of the treasurer, in cases when the name of the owner of any delinquent lands or town lots is unknown, to embrace the largest quantity practicable in each description of such lands." By section 5 the words occuring in Sec. 764, "as the same are recorded on the tax list," quoted above, are stricken out. No change is made as to the other provisions above cited. The amended section simply took the place of the original provision. Now it is just as plain after this amendment as it was before, that the lands are to be sold and deeded by the descriptions set out in the advertisement. We discover no grounds for a difference of opinion here. Repeating what we said in our first opinion, that a section is called in common language, as well as in the language of the courts and the government land officers, a tract or parcel, and is the unit in the division of public lands, it is beyond question that it was the intention of the legislature to so regard it in the statute under consideration. It may be lawfully advertised, sold and deeded as one section when the owner is unknown. The case before us then, is not within the rule first announced in *Penn v. Clemans*, *supra*, and followed by the decisions cited in our first opinion.

II. Counsel assert and reiterate with a great deal of boldness, that a contrary rule has been announced by this court, and that we have held a sale of lands assessed to unknown owners, in tracts greater than forty acres is in violation of the law. *Corbin v. Dewolf*, 25 Iowa, 127, and *Bulkley v. Callanan*, 32 Iowa, 464, are cited to support this position. The point was in neither of these cases and the language relied upon by counsel was used *arguendo*. In the first case Rev. § 764, is cited as it stood before the amendment above stated, and the remarks in the opinion, which are claimed by counsel to support their statement, may have had proper support considering the law as it originally stood.

The language of the second case doubtless originated in the same way, the attention of the court in neither case having been called to the amendment above noticed. But be this as it may, the point was decided in neither case, the court holding in each, that land of known owners, assessed in tracts greater than forty acres, may be sold by such descriptions; nothing more was decided.

It has never been held by this court that an "eighty," "a quarter," or a half section, or section, as these tracts are marked out upon the government surveys and are each designated by a single description, may not be sold and deeded for taxes as a single tract or parcel. In *Boardman v. Bourne*, 20 Iowa, 135, of the deeds held void, two conveyed each two, and the third fourteen distinct tracts of land. In *Furguson v. Heath*, 21 Iowa, 438, the tax deed was for two "forties." Though adjacent, they were in different "quarters." The lands in *Byam v. Cook*, Id. 392, were fourteen different and distinct parcels. In *Harper v. Sexton*, 22 Iowa, 442, many tracts of land were sold "in a lump." In *Ackley v. Sexton*, 24 Iowa, 320, several distinct tracts were sold in the same way. In *Ware v. Thompson*, 29 Iowa, 65, lands located in different sections and townships are conveyed by the deed. In not one of these cases does it appear that the lands involved constituted one tract according to the government sub-divisions, or could be designated by one description.

III. It is insisted with much positiveness that appellant did not in the trial of this case rely upon the deeds conveying the different sections, the instruments which we hold to be valid, but conceded their invalidity. This assertion is readily refuted by the inspection of the argument of appellant's counsel in which he claimed, with very great positiveness and directness, that these deeds were legal and sufficient to support defendant's title. It is proper to say this much in answer to the bold assertion, though the matter, were it true, would have nothing to do with settling the law of the case.

No further consideration of the points ruled in our first opinion is demanded.

IV. Following prior well considered adjudications in this

Martin v. Cole.

court we hold that Rev. § 784, which provides that a tax deed

5. ——:——: shall be *prima facie* evidence that the lands con-
statute con-
strued. veyed therein were subject to taxation, that the
taxes were not paid and that the land had not been redeemed
prior to the execution of the deed, and that it is *conclusive*
evidence of the regularity and sufficiency of all proceedings
upon which the sale and deed are based, is in conflict with the
constitution in so far that it makes the deed conclusive
evidence of matters jurisdictional and essential in their nature
to the exercise of the taxing power, such as the assessment,
levy, sale, &c. But as to non-essentials, or matters merely
directory, we hold that the deed is conclusive evidence. As to
the *manner* of the exercise of these jurisdictional matters
which is entirely under the control of the legislature, we hold
that the deed may well be made conclusive evidence, See
*McCready v. Sexton*, 29 Iowa, 276; *Rima v. Cowan*, 31
Iowa, 125, and other cases following them. Whether land
shall be sold in parcels of 40 or 640 acres and conveyed by the
like descriptions, we hold to be a question pertaining to the
manner of the sale and conveyance which is under the control
of the legislature, and that a tax deed may be made by law
conclusive evidence thereof.

This statute, and our interpretation thereof, counsel for
appellee in their petition for a rehearing insist is in conflict

6. PRACTICE: with the 5th and 14th amendments of the Consti-
appeal to U. tution of the United States, which protect the
S. Supreme
Court. people of the United States from the deprivation
of life, liberty, or property without due process of law, secure
to all the equal protection of the laws, and prohibit the
abridgment of the privileges or immunities of the citizens of
the United States. No such point was made upon the first
argument, and in the petition for rehearing, and the subse-
quent argument of counsel for appellee, we are not enlight-
ened by any discussion of the doctrines upon which it is based.
The pleadings in the case do not raise the point, and we do
not find that upon the trial in the court below it arose upon
any ruling of that court. We have been unable to find a
single syllable in the abstracts before us from which it may

be inferred that the point was made in any form in the court below. Nor is there a word in the arguments of counsel, filed before the petition for a rehearing, to that effect. If there be any thing of the kind, we have been unable to discover it. The point was certainly not passed upon in the court below, and is not decided by us, and could not be, because the case is not presented in a shape to require such decision. Conceding that it is made in the petition for a rehearing, and in the argument subsequently filed by appellees' counsel, this is not sufficient to authorize us to give the certificate asked for by appellees' counsel, to the effect that the validity of the statute above cited was drawn in question in this case on the ground that it is in conflict with the Constitution of the United States. Upon such a certificate counsel propose to take the case for review to the United States Supreme Court. There are two objections to ordering the certificate to be spread upon our record, each of which is insuperable. *First:* The matter we are asked to certify is not in accord with the facts. We are nor permitted to give fictions of this kind a place upon the records of this court. *Second:* The certificate, even should it be given, would not confer jurisdiction upon the United States Supreme Court. The fact that the validity of the law of this State was called in question on account of its repugnance to the Constitution of the United States must appear upon the face of the record before the decision of this court will be reviewed by the United States Supreme Court; the mere fact that such a point was made upon the argument by counsel, is not sufficient. The certificate of this court alone will not confer upon the United States Supreme Court jurisdiction. *Parmelee v. Lawrence,* 11 Wal., 36; *Railroad Company v. Rock,* 4 Wal., 177; *Lawler et al. v. Walker et al.,* 14 How., 149. It will not therefore be given.

The conclusions of our former opinion are adhered to, and the decree of the District Court is REVERSED.

COLE, J.—I can concur in the *conclusion* reached by the foregoing opinion, but I prefer to rest that conclusion upon the facts established by the record, that the assessments were

made and the lands were listed, advertised, sold and conveyed in eighty-acre tracts, and thereby the cases are fully brought within the very terms, as well as within the principle of our former and repeated decisions. *Corbin v. De Wolf*, 25 Iowa, 124; *Stewart v. Corbin*, Id., 144; *Ware et al. v. Thompson et al.*, 29 Iowa, 65; *Johnson v. Chase et al.*, 30 Iowa, 308; *Rima v. Cowan*, 31 Iowa, 125, and other cases.