## WEAVER v. GRANT.

**Tax Sale:**  WHAT CONSTITUTES ONE TRACT.  The use and nature of the property must determine whether or not several lots, assessed to one owner and sold *en masse*, should be regarded as one lot.   Where two lots were occupied and used for one purpose, the buildings being partly on each, it was *held* that they might.be sold for taxes together.

<em>Appeal from Henry District Court.</em>

THURSDAY, SEPTEMBER 24.

ACTION at law to recover the possession of certain town lots. The petition sets up plaintiff's title in the following language: " That the defendant has been a long time, for ten years or more, a resident of what is now the said town of Rome, and has, during that time, owned therein a tract of land on which is a dwelling house, and on which he has, during that time,

actually resided as his home; and, also, occupied thereon a blacksmith shop; that that tract of land is now known by the assessor of the said town by the description of lots 2 and 3 in block 7, but that it has never been divided or any way separated. It was and is surrounded by an outside fence, but has no partition fence, the house standing on the middle of said tract, as also said shop, being so situated that a part is on both halves of said tract; that, during the year 1867, the said defendant, so being in possession and owning the said tract, listed the same for taxation as one tract with the proper assessor, who in like manner entered the same in his assessment book as one tract, with one valuation thereon; but, for convenience of description, described the same as lots 2 and 3 of block 7 as aforesaid, when in fact and in truth such description only embraced the one tract; that the same description was continued upon the tax books of said county, placed in the county treasurer's hands, and, the taxes becoming delinquent, the said treasurer duly advertised the same by the same description, and at a sale begun and publicly held in said county on the first Monday of October, 1868, sold the same as stated in his deed, a copy of which is annexed and made a part hereof, as exhibit " A; " and on the 13th day of November, 1871, said treasurer executed and delivered to John Eicher his deed as aforesaid, which was filed for record November 27, 1871."

It is averred that plaintiff acquired title from Eicher by sufficient mean conveyances, and the tax deed, legal in form and substance, is made an exhibit.

A demurrer to the petition on the ground that it shows a sale of two distinct tracts of land described as separate lots, was sustained. Plaintiff appeals.

*Woolson & Babb*, for appellant.

*Bowman & Barger*, for appellee.

BECK, J.—We have repeatedly held that the sale together, as one tract, of separate and distinct parcels of land for taxes, is invalid, and we have no inclination to modify or depart from

this rule so often recognized and so well founded, as we believe, upon a true construction of the statute upon that subject. The sole question for determination in this case is whether the rule is applicable to the facts set up in the petition.

It is plain that the usual, most convenient, or even necessary description of a body of land will not always alone determine whether it is to be regarded as one or more tracts or parcels. Nothing is more common than for plurality to be joined in unity; for distinct things, having a separate existence and, when considered separately, not only capable of, but necessarily requiring an individual description, to be united so as to form another thing. This new combination may have an individual name or description, but may also be known by the united names or descriptions of its component parts. It is obvious that its use and nature must determine whether it is to be regarded as a unit, and that its description or name cannot control in that respect. The same rules apply to land. It not unfrequently happens that city lots are divided transversely and, of two or three, twice or thrice that number are made by such division. A natural, convenient and, in some instances, almost necessary description of such new formed lots would be by that of the parts of the lots existing under the old division of the land. The use of the new lots would permit no other conclusion than that each was, in fact, though composed of parts separately described, a distinct and united parcel. So in the case of the union for use of several lots into one tract, they would become one lot, although the natural and necessary description would be by that of its component parts.

Business may demand that more than one lot be covered by one building. In such a case the use of the several parcels require them to be regarded as united in one. And, in the case of a homestead, it may be of several lots, if together they are not of a greater quantity than is prescribed by the statute. The buildings may be partly upon the different sub-divisions. Their use demands that they be considered one tract. We doubt not that, in each case stated, the parcel of land,

though composed of parts separately described, is always regarded in business transactions as one lot. To hold that the law, in matters pertaining to taxation, will recognize a rule treating such property as distinct and separate parcels, will work hardships and oppression upon the tax payers. In the cases of business property as well as of homesteads, stated above, if less than the whole lot be sold, the part sold must be an undivided interest.

It will be readily seen that such sales would destroy the value of the property undisposed of, and the interests pur-chased being in as many separate parts as there are descrip-tions of the property sold, would be also of less value. These considerations would prevent purchasers from bidding for less than the whole of the lots offered, and would thus tend to the oppression of the tax payer.

The like effect would result in the case of the sale of home-steads, and there would be great difficulty in applying the provisions of the statute regulating the sale of such property for taxes, without a final sale in subsequent proceedings for partition. See Code, § 876.

We conclude that when the use and nature of the lots require them to be regarded as one parcel, the law will so treat them. A sale of such property as one lot will be held valid.

The petition before us presents the precise facts of the cases stated above. The lots are alleged to be used for one purpose, as one parcel, the buildings being partly on each. In our opinion the property ought to be regarded as one lot. The demurrer should have been overruled.

REVERSED.