## GREER v. WHEELER.

1. **Tax Sale:** SALE EN MASSE. A tax deed of distinct tracts of land sold *en masse* is not void upon its face. They may be sold together if used and occupied as one parcel. Following *Weaver v. Grant*, 39 Iowa, 294.

2. ———: ———: EVIDENCE. The tax books, showing the assessment of one or more lots together, were held to be admissible in evidence.

*Appeal from Polk Circuit Court.*

SATURDAY, JUNE 19.

ACTION to recover land. The cause was tried to the court without a jury and a judgment rendered for plaintiff. Defendant appeals.

*Louis Ruttkay* with *Phillips & Phillips*, for appellant.

*Barcroft & Given*, for appellee.

BECK, J.—I. Upon the trial of the cause plaintiff offered in evidence a tax deed made by the treasurer of the proper county for the land in suit, described as lots Nos. 7 and 8, Sec. 23, etc., containing 115 acres, which showed the sale of the whole of it together for the taxes due upon the whole. The defendant objected to the introduction of the deed on the ground that it showed the sale of two distinct tracts *en masse*. The objection was overruled and the deed admitted in evidence. This ruling is assigned as error.

1. TAX SALE: sale en masse.

The deed was not void upon its face, nor, indeed, did it show an unlawful sale, for two tracts or lots of land may be sold for taxes together where they are used and occupied as one parcel. *Weaver v. Grant*, 39 Iowa, 294. It was competent to support the deed by evidence of such occupancy and use of the land.

II. The tax books showing the assessment of the lots together for the taxes upon which they were sold were admitted in evidence, against defendant's objection, on the grounds that plaintiff must stand upon her title as shown by the deed, and the assessment of two tracts together is not authorized by law. If it is lawful to sell two tracts at one sale they may be assessed together. Their occupancy together gives them the character of one tract. The assessment was not in conflict with the deed but in harmony with it, and established no other title than the one witnessed by that instrument. Its admission in evidence was not erroneous. AFFIRMED.

2. ——: ——: evidence.

MILLER, J., not concurring.

### OPINION ON REHEARING.

BECK, J.—A petition for a rehearing having been filed in this case, we are led to believe from its perusal that we have not succeeded by the foregoing opinion in making ourselves clearly understood. We supposed that our language would be

interpreted in the light of the many familiar decisions we have heretofore rendered upon questions growing out of the sale of two separate tracts of land for taxes. In our opinion they are entirely in accord with the one above announced, and, when considered together and in view of familiar rules of evidence and procedure in the courts, their harmony will be at once seen. That we may be no longer or further misunderstood, we add here a few words of explanation.

We have repeatedly held that a sale *en masse* of two separate tracts of land is void, and that the deed made thereon showing such fact is void and will defeat the title claimed under the sale. All these decisions, however, were in cases where no attempt was made to support the deed by evidence showing that the two tracts were occupied and used as one parcel and for one purpose. Where so used we have held that they may be sold and deeded together. *Weaver v. Grant, supra.*

The word *void*, as we applied it to such sales and deeds, was not in such a sense as to express the idea that they could not be shown by other evidence to be valid; but rather with the meaning that they were *prima facie* void. An instrument that without the support of evidence to establish its validity is inoperative and of no effect, may properly be called void in the absence of such evidence. In that sense, heretofore, in speaking of tax deeds showing sales of distinct parcels of lands together, we have used the word.

Plaintiff upon the trial had the right to offer the evidence in support of his title in the order that to him seemed most convenient. He could introduce the deed and follow it with evidence supporting its validity. It was not so void that it could not be supported. If he failed to support it by evidence establishing its validity, it would be considered void and held not to convey the title of the land. If supported with sufficient evidence it would be held valid and sufficient to convey the title.

We were unfortunate in the attempt to express, in the fifth sentence of the foregoing opinion, our meaning so clearly as to be beyond criticism, which keeps out of view the foregoing

familiar principles of law. This would have been avoided had we clothed the idea which we intended to convey by the sentence in the following language, which expresses our true meaning:

" The deed was not void upon its face *so that it could not be supported by evidence*, nor, indeed, does it show conclusively an unlawful sale, for two tracts or lots of land may be sold for taxes together where they are used and occupied as one parcel."

We think we have now expressed ourselves with sufficient fullness and clearness, and that the point we decide will not be misapprehended. We are under obligation to counsel for calling our attention to this matter by the petition for a rehearing. We adhere to the conclusions of the foregoing opinion.

AFFIRMED.