JUNE TERM, 1878. 157

Ind. School Dist. No. 8 v. Ind. School Dist. of Burr Oak.

INDEPENDENT SCHOOL DISTRICT No. 8 OF BURR OAK TOWNSHIP
v. INDEPENDENT SCHOOL DISTRICT OF BURR OAK.

1. **School District:** ORGANIZATION OF INDEPENDENT DISTRICT. Where the board of directors had in due form created a sub-district, and then a vote was obtained in such sub-district in favor of an independent organization, it was *held* that the fact that a sub-director had not been elected before the organization of the independent district did not invalidate such organization.

2. ———: ACT OF LEGISLATURE. An act of the Legislature curing an informality in the election at which the question of organizing an independent district was submitted would not have the effect to change or modify the boundaries of such independent district.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, APRIL 17.

THE plaintiff claims of the defendant the sum of $961.23. The cause was submitted to the court upon the pleadings, and the following agreed statement of facts:

1. That prior to January 25, 1867, the plaintiff and defendant constituted and composed sub-district No. 5 of Burr Oak Township in said county.

2. That on said 25th day of January, 1867, the inhabitants of said sub-district attempted to organize the same into the Independent District of Burr Oak, but owing to an informality in the election its organization was declared illegal and void by the supreme court.

3. That afterwards, and at a special meeting of the board of directors of the district township of Burr Oak, in said county, held December 13, 1873, such board appointed J. H. Potter as sub-director of sub-district No. 5 of such township.

4. That such sub-director duly qualified and acted in that capacity, by employing teachers for such sub-district No. 5, and doing such other acts as the law required of him.

5. That at such meeting, viz, on December 13, 1873, there was a petition presented to such board duly signed by forty-three qualified electors of said district township, asking that a vote be taken therein upon the question of separate and independent organization of the sub-districts of said district township, which was by said board duly granted, and a meeting duly called for the purpose of voting for or against such organization on the 14th day of February, 1874, whereof due notice was given by the secretary of said district township board.

6. That at an adjourned meeting of said board, held on January 17, 1874, said board passed a resolution creating a new sub-district, No. 8, in the southern portion of said sub-district No. 5, and embracing the following territory, viz: Sections No. 27, 34, 35, and 26 of said district township, except eighty rods in width across the north half of said section 26.

7. That at the said meeting called therefor on the 14th day of February, 1874, at 9 o'clock A. M. of said day, at the usual place, a vote was duly taken by the legal voters of said district township, for or against separate and independent organizations thereof, resulting in there being fifty-three votes cast, all in the affirmative of said question.

8. That on such meeting, viz: February 14, 1874, said board gave due notice that on the 9th day of March, 1874, it being the second Monday of March, a meeting would be held in each sub-district of said district township by the qualified electors thereof, for the purpose of organizing into independent districts, and electing officers as provided by law, and gave to such new sub-district the name of "Sub-District No. 8 of Burr Oak Township."

9. That all sub-districts in such district township, including sub-districts No. 5 and 8 (parties above), met in pursuance of such call and notice, and duly organized by the election and qualification of the proper officers of such sepa-

rate and independent organizations, on the 9th day of March, 1874.

10. That after such organization by such sub-district as an independent district, and on the 9th day of March, A. D. 1874, the officers thereof elected and qualified, as aforesaid, levied by proper resolution therefor the sum of $200 for the purpose of a school-house fund, and $40 as contingent fund. and $200 as teachers' fund, and by proper resolution determined to call their thus organized district by the name of "The Independent School District No. 8 of Burr Oak."

11. That on the 18th day of March, A. D. 1874, the Legislature of the State of Iowa passed a special act, as set up in the sixth paragraph of defendant's answer, which act took effect April 9, 1874.

12. That said Independent School District No. 8 has built a good brick school-house during the summer or fall of 1874, and has regularly performed the functions of an independent school district since its organization.

13. That about the 31st day of March, 1875, Peter Pfeiffer, then secretary of said independent school district of Burr Oak, defendant herein, presented to the plaintiffs' treasurer the tuition bill hereto annexed, marked Exhibit "A," and received payment therefor, viz:

EXHIBIT "A."

BURR OAK, Iowa, March 30, 1875.

SCHOOL DISTRICT No. 8, Dr.

To BURR OAK INDEPENDENT SCHOOL DISTRICT.

To 16 weeks' tuition of Miss Amanda Berry, at the average rate of 35½ per week, $5.68.

Please pay.

PETER PFEIFFER, Secretary.

14. That about the same time, the said Peter Pfeiffer,

Ind. School Dist. No. 8 v. Ind. School Dist. of Burr Oak.

secretary aforesaid, presented to plaintiff the other tuition bill hereto annexed, marked "Exhibit B," and demanded payment of the same, which was refused, viz:

EXHIBIT "B."

MARCH 16, 1875.

MR. IRA JOHNSON, Dr.

To BURR OAK INDEPENDENT SCHOOL DISTRICT.

To 9 weeks' tuition of Neumel Johnson at $2.00 per
    month - - - - - $4.50
To 3 days' tuition of Ed. Johnson at $2.00 per
    month - - - - - .30
To 5 weeks' tuition of Josephine Johnson at $2.00
    per month - - - - $2.50
During fall and winter terms of 1874 and 1875 ———
                                    $7.30

Please pay.

P. PFEIFFER, Secretary.

15. That May 22, 1875, said district township board of directors met and completed the division of assets and liabilities between the plaintiff and defendant, according to equity and good conscience, giving to the plaintiff the sum of $961.23. and ordering that the defendant pay the same to plaintiff— which has never yet been done—which division of assets is. fair and equitable, if said board of directors had authority to make a division of them. That immediately thereafter,. said board disorganized.

The act of the Legislature referred to in this statement of facts, is as follows: "Whereas, on the 25th day of January, 1867, an election was held in sub-district No. 5, district township of Burr Oak, Winneshiek county, for the purpose of organizing such sub-district and certain contiguous territory into an independent district; and whereas an informality existed in conducting such election by opening the polls.

at one o'clock, P. M., instead of nine o'clock, A. M., as required by law; therefore,

Be it enacted, etc, That the organization of such independent district of Burr Oak, so far as it relates to the territory of said independent district within the township of Burr Oak, but not that portion claimed by the district from Harper Township, is hereby declared legal, and all the acts of the officers thereof, and all bonds issued and all taxes levied except as above by authority of such independent district, or the officers thereof, so far as they would be affected by the informality in the election aforesaid, shall be of the same force and effect as if it had been in all respects in compliance with law."

The court dismissed plaintiff's petition and rendered a judgment against plaintiff for costs. The plaintiff appeals.

*John T. Clark & Co.*, for appellant.

*E. E. Cooley*, for appellee.

DAY, J.—I. The position of the defendant is that at the time of the election of February 14, 1874, on the question whether all the sub-districts in said district township of Burr Oak

1. SCHOOL district: organization of independent district.

should organize as separate independent districts, the plaintiff was not a sub-district, but the territory now claimed by plaintiff was, and for a long time had been, and now is, within the jurisdiction of defendant.

Section 1796 of the Code provides: "The board of directors shall, at their regular meeting in September, or at any special meeting called thereafter for that purpose, divide their townships into sub-districts, such as justice, equity and the interests of the people require; and may make such alterations of the boundaries of sub-districts heretofore formed as may be deemed necessary; * * * * * * * * provided, that the boundaries of sub-districts shall conform to the lines of congressional divisions of land; and that the formation

and alteration of sub-districts, as contemplated in this section, shall not take effect until the next sub-district election thereafter, at which election a sub-director shall be elected for the new sub-district." Section 1718 of the Code provides that the annual sub-district election, for the election of sub-director, shall be held on or before the first Monday in March, of which five days notice shall be given. Sections 1815 to 1820 of the Code provide for the organization of the sub-districts of any district township into separate and independent districts. On the 13th day of December, 1873, a petition was duly presented to the board of directors of the district township of Burr Oak, as provided in these sections, asking that a vote be taken upon the question of separate and independent organization of the sub-districts of said township, and the board ordered that an election be held for that purpose on the 14th day of February, 1874. Subsequently to the making of this order, and before said election was held, to-wit: January 17, 1874, at an adjourned meeting, the board passed a resolution creating a new district, No. 8, embracing the territory claimed by plaintiff, in the southern portion of Sub-District No. 5, which embraced the territory of both plaintiff and defendant. The election was duly held on the 14th day of February, 1874, and resulted in an unanimous vote in favor of independent organization.

The position of appellee is, that because, at the time of this election, sub-district No. 8 had not elected a sub-director, it was not a sub-district, and hence the election did not create it into an independent district. But this construction of the effect of the action of the board, and the election, would, we think, be too narrow and technical. It was, we think, a sub-district, although its organization as such, for the purpose of employment of teachers, etc., could not take effect until the election of a sub-director. The election held in February gave it an independent organization, and obviated the necessity of holding an election for sub-director on the first Monday in March. On the second Monday in March, pursuant

to notice duly given by the board of directors of the district township, this sub-district duly organized by the election and qualification of the proper officers, and thus completed its organization as an independent district.

II.   It is claimed, however, that the act of the Legislature of the 18th day of March, which took effect April 9th, 1874, 2. ——: ——: legalizing the independent district of Burr Oak, act of legislature. operated to constitute the territory claimed by plaintiff a part of said independent district.   We think this act cannot be allowed to have the effect of re-attaching to said district territory which before had been properly segregated and organized into an independent and separate corporation.

III.   It is conceded that the division of assets made by the board of directors of the district township is equitable.   The character of plaintiff as an independent district being established, the power to make this division is conferred by section 1820 of the Code.

Under the facts submitted, plaintiff should have had judgment for the amount claimed.

REVERSED.