ROBERTS v. MERRILL ET AL.

1. **Invalid Tax Sale:** REDEMPTION; AMOUNT TO REDEEM. Where the owner of land seeks to redeem the same from an invalid tax-sale, he is required to pay the purchaser only the amount of his bid, with six per cent interest thereon.

*Appeal from Marion Circuit Court.*

SATURDAY, DECEMBER 9.

THE object of this action is to make redemption of certain real estate sold for non-payment of taxes. From the decree the defendants appeal.

*Brown & Dudly*, for appellants.

*G. W. Crozier*, for appellee.

SEEVERS, CH. J.—In 1870 certain taxes were levied in aid of the Albia, Knoxville and Des Moines railroad. In 1879, the taxes remaining unpaid, the county treasurer sold several distinct tracts of land in a lump to one Stone, who assigned the certificates of purchase to the defendant Merrill. This action to redeem from the sale was commenced before the execution of a treasurer's deed, and the only question dis-

cussed by counsel for the appellant relates to the amount the plaintiff must pay in order to redeem. The Circuit Court held that he was entitled to make redemption upon payment of the amount of the bid, with six per cent interest thereon. It is insisted by appellants that the plaintiff must pay "the amount he would have to pay to the treasurer in order to satisfy all taxes if they had not been paid by the purchaser." In support of this proposition, *Everett v. Beebe*, 37 Iowa, 452; *Light v. West*, 42 Id., 138; *Besore v. Dosh*, 43 Id., 211, and other cases, are cited. These cases are distinguishable from that at bar. In the cited cases a treasurer's deed had been executed, and an action brought to set it aside, and the decisions are grounded on the fact that the deed vested in the purchaser all the interest of the State and county, and, while the deed at the election of the owner would be set aside, yet it was held sufficient to pass to the purchaser such title. Therefore, it was ruled that the purchaser was entitled to such interest and penalty as the county would have been entitled to if there had been no sale.

In the present case, the offer to redeem was made before the execution of a treasurer's deed; therefore, the reasons upon which the foregoing cases are based have no application. The treasurer's certificate of sale does not vest in the purchaser the title and interest of the State and county. It is simply evidence that the purchaser is entitled to a deed, if redemption is not made within the time prescribed by law. Where the sale is valid the right to redeem is given by statute. By it the time within which, and the terms upon which, the right depends is prescribed. Code, § 890. But in this case the sale is invalid, as we have repeatedly held. Now, what must the plaintiff pay to redeem. Such amount as is justly and equitably due the defendants, and no more.

The defendants have paid certain taxes the plaintiff was leagally bound to pay, and the latter should pay such sum, with six per cent interest, because the money was paid for the use and benefit of the plaintiff. There is no principle of

law or equity which will entitle the defendants to more than this.

The plaintiff has filed an argument in his own behalf, in which he assails the constitutionality of the law under which the taxes were levied. This question cannot be considered, because it was not made in the Circuit Court.

AFFIRMED.