Barke v. Early et al.

72 273
79 200
72 273
81 195
72 273
88 444
72 273
90 429
72 273
103 226
72 273
112 380
72 273
122 431
72 273
131 322

BARKE v. EARLY ET AL.   (Three cases.)

**1. Tax Sale and Deed:** DELINQUENT TAXES NOT CARRIED FORWARD. A sale of land for delinquent taxes not carried forward on the tax books, as required by § 845 of the Code, is invalid. (*Gardner v. Early*, 69. Iowa, 42, followed.)

**2.** ——: ACTION TO SET ASIDE: AMENDMENT AFTER PERIOD OF LIMITATION: EFFECT. Where an action to set aside a tax sale was brought within the period of limitation, but after the expiration of that period the plaintiff filed an amendment offering to do equity, which was necessary to his recovery, *held* that the amendment did not so pertain to the cause of action that a new cause of action was presented thereby, which would be barred by the statute, but that it rather pertained to the remedy. (See cases cited in opinion.)

**3.** ——: ——: PARTY IN INTEREST. Where the patent title of land was conveyed to one in order that he might bring an action to redeem from a tax sale, *held* that such party was at least a trustee, and could maintain the action.

**4.** ——: ——: REIMBURSEMENT FOR TAXES PAID. In an action in equity to set aside certain tax deeds on the ground that they were invalid because the taxes for which the lands were sold had not been brought forward on the tax books, as required by § 845 of the Code, *held* that, upon setting aside the deeds, plaintiff was properly required to pay to the defendants the amounts for which the lands were sold, with the penalty and interest thereon, the same as if there had been no sale, and plaintiff was paying the delinquent taxes to the county; but that, because defendants had failed to file with the county auditor the duplicate receipts for taxes paid by them subsequent to the sale and prior to the execution of the tax deeds, it was error to require plaintiff to pay the statutory penalty on such payments, and that defendants' recovery therefor should have been limited to the amount paid, with six per cent interest on each payment from the date thereof. (See opinion for a statement, *arguendo*, of the rules of reimbursement in such cases, with a citation of authorities, by BECK, J.)

**5.** ——: ——: ——: FILING DUPLICATE RECEIPTS WITH AUDITOR. Section 889 of the Code, which requires a purchaser at tax sale to file

with the county auditor duplicate receipts for subsequent taxes paid by him, in order that he may be reimbursed in case of redemption, does not apply to cases where the land-owner seeks to set aside the sale and to redeem in a court of equity. (*Kennedy v. Bigelow*, 43 Iowa, 74, and *Thode v. Spofford*, 65 Id., 294, followed.)

6. ——: ——: ——: STATUTE OF LIMITATIONS NOT AVAILABLE IN EQUITY. Although an action by the purchaser at a tax sale to recover for taxes paid by him is barred in five years, (see cases cited in opinion,) yet, where the land owner begins an action in equity to set aside the tax deed and to redeem therefrom, and, in order to obtain a standing in equity, offers to do equity by repaying the purchaser all taxes which may be found "legally due" him, *held* that he could not in a reply be allowed to plead the statute of limitations as to a portion of the taxes paid by the purchaser on the land.

*Appeal from Sac District Court.*

WEDNESDAY, JUNE 29.

ACTIONS in chancery to quiet the title of plaintiff to certain separate tracts of land, and to set aside tax deeds under which defendants claim title. The relief claimed in the different actions was allowed in the respective decrees thereon rendered, upon condition that plaintiff pay in each case the taxes paid by the respective defendants, together with the penalties, the same as if the taxes had never been paid, and were now to be paid to the county. The parties on both sides of the case appealed on the same day.

*Mason & Thomas* and *Cole, McVey & Clark*, for plaintiff.

*S. M. Elwood, Ed. R. Duffie* and *E. L. Green*, for defendants.

BECK, J.—The tax sales under which defendants claim title were made for delinquent taxes which were not carried forward upon the tax books of subsequent years, as required by Code, § 845. They are therefore invalid. *Gardner v. Early*, 69 Iowa, 42. It is not denied that the tax titles relied upon by defendants are invalid, and cannot be enforced under this statute. But it is insisted by defendants that plaintiff's

1. TAX SALE and deed: delinquent taxes not carried forward.

actions to set aside the tax deeds are barred by the limita-
tion prescribed by Code, § 902, which limits actions to
recover land sold for taxes after five years from
the date of the execution of the treasurer's deed.
The respective actions now before us were brought
within this period of limitation; but, after the
period had run, the plaintiff filed an amendment to the peti-
tion in each case, offering to pay defendants the amount
legally due them on account of the taxes paid by plaintiff, and
asking the court to determine such amount, and all questions
connected therewith.   The defendants insist that, by the
filing of this amendment after the period of limitations had
elapsed, the action became barred, the statute having run
against plaintiff's cause of action.

*2. ——: ac-
tion to set
aside: amend-
ment after
period of lim-
itation: ef-
fect.*

The amendment in this case does not pertain to the cause
of action so far that a new cause of action is presented
thereby.   It simply alleges facts supporting plaintiff's right
to recover.   The cause of action arises upon defendant's
claim of title based upon the tax deed.   Equity requires that
plaintiff show an offer to do equity by the payment of the
taxes, in order to entitle him to relief.   The offer, then, per-
tains to the relief sought, not to the cause of action.   Of
course, the relief is dependent upon the cause of action and
the rule of equity just referred to.   While there is connec-
tion and relation between the offer and cause of action, it
cannot be said that the offer constitutes the cause of action,
or enters into it.   See *Wade v. Clark*, 52 Iowa, 158; *Myers
v. Kirt*, 68 Id., 124; *Case v. Blood*, 71 Id., 632; *Harber v.
Sexton*, 66 Id., 212.

The cases cited by defendants' counsel in support of their
position upon this point were decided in view of acts which
go to the very right of action, without which neither law
nor equity would grant relief.   These acts thus become the
elements of the right of action.   If the statute of limitations
fully runs before they are done, the cause of action is barred,
and cannot be revived by the subsequent performance of the

acts. In this case, equity recognizes the plaintiff's right of action, but will not enforce it unless he does equity by payment of the taxes advanced by defendant. See *Gardner v. Early, supra.* It is plainly to be seen from this view that the offer of payment does not pertain to the cause of action.

II. Defendants alleged in their answer in each case that the plaintiff is not the real party in interest, for the reason that the title of the land was conveyed to him for the purpose of allowing suit to be prosecuted in his name for the benefit of the owner. A demurrer to this defense was rightly sustained. The answer shows that plaintiff was a trustee at least, and, of course, as such, could prosecute the action.

*3. ——: ——: party in interest.*

III. We are now required to consider the questions arising upon plaintiff's appeals. The district court held, and so decreed, that defendants were entitled to recover the taxes, interest and penalties as though there had been no sale, and plaintiffs were seeking to pay the taxes as a delinquent tax-payer.

*4. ——: ——: reimbursement for taxes paid.*

IV. This court has held, in cases wherein sales were or could have been lawfully made for taxes, but were rendered void by reason of fraud or for other causes, that the holders of tax deeds may recover the taxes, interest and penalty provided by the statute in case of the payment of delinquent taxes. *Besore v. Dosh,* 43 Iowa, 211; *Miller v. Corbin,* 46 Id., 150; *Everett v. Beebe,* 37 Id., 452.

V. Even if the taxes for which it was sold were not a lien on the land, the purchaser can recover the taxes he paid subsequent to the sale, with six per centum interest, and no more. *Early v. Whittingham,* 43 Iowa, 162.

VI. The doctrine recognized by this court appears to be this: Where the tax is valid and enforceable against the land, and the sale is void or voidable, the tax, with penalties, may be recovered by the purchaser at the sale in an action against the owner. If the taxes cannot be

*THE SAME.*

enforced against the land by sale, the purchaser can recover the taxes paid by him subsequent to the sale, with six per centum interest. These rules are supported by the following reasons: In case the land may be sold for the taxes, the tax-payer stands in the position of a delinquent whose land is subject to tax sale. He ought in that case to be liable as a delinquent for the interest and penalties which the statute prescribed shall be paid after delinquency. The purchaser takes the place of the county by his purchase, and ought to recover the same amount the delinquent would be liable to pay to the county. The land-owner ought not to be permitted to escape the penalties imposed upon him for his delinquency. He should therefore pay them to the purchaser, who takes the place of the county. In case the taxes cannot be enforced against the land, the owner is not a delinquent tax-payer, and therefore should not be subject to penalties. The purchaser at a tax sale, void because the tax is not enforceable against the land, who pays in good faith taxes becoming due after the execution of the tax deed, may recover on the ground that the land-owner ought to reimburse him for the money he expended in good faith, for the benefit of the land-owner, by the payment of the taxes. We have often held that one who in good faith, under a claim of right, pays taxes upon land which he does not own, may recover in an action against the land-owner for money so expended, with six per centum per annum interest.

VII. Where the deed, assessment and other tax proceedings are void, a purchaser claiming under them cannot recover for subsequent taxes paid by him. *Roberts v. Deeds*, 57 Iowa, 320. In such case the purchaser could not recover, for the simple and obvious reason that the taxes were not a lien on the land, and the owner was under no obligation to pay them, and therefore the sale transferred no interest in or right to the land under which he was authorized to pay the taxes.

THE SAME.

VIII. Code, § 889, requires the purchaser at the tax sale

to file with the county auditor duplicate receipts for the taxes paid by him after the sale; and provides that, if this be not done, he shall not be entitled to recover of the owner for the taxes he has so paid. This provision does not apply to payments of taxes by the purchaser or the owner of the land after the execution of the tax deed. *Kennedy v. Bigelow*, 43 Iowa, 74; *Thode v. Spofford*, 65 Iowa, 294.

IX. An action by the purchaser at a tax sale to recover for taxes paid by him is barred in five years. *Brown v. Painter*, 44 Iowa, 368; *Thompson v. Savage*, 47 Id., 522; *Sexton v. Peck*, 48 Id., 250; *Thode v. Spofford*, 65 Id., 294. But plaintiff cannot in this case be relieved from paying defendant the amount of taxes paid by him, which would be otherwise barred by the statute of limitations, for these reasons: Plaintiff offers to pay the defendant the amount of all taxes paid by him which may be found "legally due" from plaintiff to defendant. The statute of limitations does not affect the validity of a debt, or the obligation of a contract. It simply operates to arrest the remedy. Hence an offer to pay a debt "legally due" applies to a debt the remedy for which is barred by the statute of limitations. Plaintiff's offer, therefore, covered all taxes paid by defendants. Having made the offer to do equity, the court will not hear him set up the statute of limitations as an excuse for his refusal to perform equity, which he attempts to do in his reply to defendant's claim for a judgment for all the taxes. The statute of limitations cannot be invoked by a suitor as an excuse for not doing equity when the court of chancery requires it to be done as a condition upon which relief will be granted him. Neither can plaintiff, after having offered to pay all taxes paid by defendant, be excused from the payment of the taxes paid by defendant between the sale of the land and the execution of the tax deed, on the ground that Code, § 889, takes away defendant's

Barke v. Early et al.

right to recover for such taxes. This statute operates, not to affect plaintiff's obligation *in foro conscientiæ*, but to withhold a remedy against him. Having offered to pay all taxes "legally due" as a condition upon which he seeks relief, equity will not now hear him deny its right to require him to pay according to his offer.

X. Under the foregoing rules, recognized and settled by the decisions of this court, the defendants may recover for taxes paid by them after their purchase at the tax sales, and before the tax deed was executed, for which they failed to file duplicate receipts with the auditor. But they cannot recover penalties upon such taxes. The record fails to show, so far as we are able to discover, that such duplicate tax receipts were filed with the auditor. The amount of payments of taxes subject to this objection, as we understand the record, was included in the sum for which judgment was rendered. For such payments, subject to this objection, defendants may recover, with interest thereon at the rate of six per centum per annum, on the ground that plaintiff must discharge his equitable obligation to pay the taxes before he can recover the land. See *Harber v. Sexton*, 66 Iowa, 211; *Early v. Whittingham*, 43 Iowa, 162. It will be understood that we hold defendants may recover all taxes for which the land was sold, and taxes subsequently paid by them, with penalties, interest and costs, provided by the statute to be paid upon redemption from a tax sale, except the taxes paid after sale, and before the tax deed was executed. They may recover these taxes, without penalties and costs, and with six per centum per annum interest.

We reach the conclusion that, upon defendants' appeal, the decree of the district court ought to be affirmed, and upon plaintiff's. appeal, modified and affirmed. The cause will be remanded for a decree in harmony with this opinion. Affirmed on defendants' appeal. Modified and affirmed on plaintiff's appeal.