C. J. JORDAN, Appellant, v. MARY BEESON et al., Appellees.

No. 44337.

June 21, 1938.

Gordon B. Russell, for appellant C. J. Jordan.

Curtis W. Gregory, for appellees Mary Beeson and W. N. Beeson.

Chas. I. Joy, for appellees Dallas County, B. F. Pringey, County Auditor, F. C. Bengtson, County Treasurer, and Robert Murray.

MILLER, J.—The property involved herein consists of Lots 1, 2, 3, 4, 5, and 6 in Block 2, and Lots 1, 2, 3, 4, 5, and 6 in Block 4, all in De Soto Corporation, Dallas County, Iowa; which was purchased by plaintiff-appellant in 1932. Said property was offered for sale at tax sale by the treasurer of Dallas County on May 6, 1935, for taxes of 1929, 1930, 1931, 1932 and 1933 in the total sum of $95.69, at which sale Dallas County bid the same in for said amount under the "Public Bidders Law". (Sec. 7255-b1 Code of 1935). Thereafter, on June 27, 1936, the treasurer of Dallas County issued his tax deed conveying said premises to Dallas County; following which, said county, on April 5, 1937, in consideration of $135, conveyed said premises by quitclaim deed to defendant-appellee Mary Beeson.

Appellant alleges that the lots above described situated in Block 4 constitute one tract, and that the lots above described situated in Block 2 constitute a separate tract; that the county treasurer, in conducting said tax sale, sold said two tracts of real estate en masse, and that the attempted sale of said two distinct tracts en masse nullified the tax deed, as a result of which the same is null and void, and of no force and effect. In his petition he offers to pay all taxes, legally and

462

rightfully due upon said described premises, together with interest and penalties thereon; and asks that said tax deed be set aside and held to be void; that the quitclaim deed from Dallas County to appellee Mary Beeson be set aside and held to be of no legal force and effect; and that he be permitted to pay all taxes, interest and penalties justly due upon the real estate in question.

Section 7252 of the Code provides as follows:

"The treasurer shall, on the day of the sale, at ten o'clock in the forenoon, at his office, offer for sale, separately, each tract or parcel of real estate advertised for sale on which the taxes and costs shall not have been paid."

This court has uniformly held that compliance with the provisions of said section is mandatory, and that the sale of more than one tract or parcel en masse, or in bulk, for the gross sum of taxes thereon, results in voiding the entire sale and deeds based thereon. Hintrager v. McElhinny, 112 Iowa 325, 82 N. W. 1008, 83 N. W. 1063; Boardman v. Bourne, 20 Iowa 134; Harper v. Sexton, 22 Iowa 442; Byam v. Cook, 21 Iowa 392; Ware v. Thompson, 29 Iowa 65; Penn v. Clemans, 19 Iowa 372. It likewise has been our uniform holding that the recitals of the tax deed as to whether the real estate was sold en masse, or in separate tracts or parcels, relate to the manner of the sale; and therefore in conformity with section 7288 of the Code such recitals in the tax deed are conclusive. Rima v. Cowan, 31 Iowa 125; Clark v. Thompson, 37 Iowa 536; Sibley v. Bullis, 40 Iowa 429.

We are therefore limited to the recitals of the tax deed to ascertain whether the premises involved were sold en masse, or in separate tracts. The provisions thereof, insofar as applicable, read as follows:

"That, whereas, the following described real property, viz: Lots One (1) to Six (6) in Block Two (2) Lots One (1) to Six (6) in Block Four (4) all in De Soto, Iowa, situated in the County of Dallas and State of Iowa, was subject to taxation for the year A. D. 1929, 1930, 1931, 1932, 1933; and whereas the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter named; and whereas, the Treasurer of said County did, on the

6th day of May, A. D., 1935, * * * expose to public sale * * * the real property above described, for the payment of taxes, interest and costs then due and remaining unpaid on said property; and whereas, at the time and place aforesaid, no acceptable bid was received, the County of Dallas through its Board of Supervisors, did bid in said real property in accordance with the provisions of Section 7255-b1 of the Code, for Ninety-five Dollars and Sixty-nine cents, being the total amount of the de-. linquent general taxes, interest, penalties and costs on said property for the years 1929 to 1933 inclusive, * * *

"Now, therefore, I, F. C. Bengtson, County Treasurer of the County aforesaid, by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Dallas County, his heirs and assigns, the real property last hereinbefore described." * * *

This deed jointly describes the lots situated in both blocks, and recites a bid by Dallas County of $95.69, *being the total amount of the delinquent general taxes, interest and penalties, and costs on said property.* It is apparent from the recitals of the deed that all of the real estate therein described was sold for the gross amount of the taxes due thereon of $95.69. The use of the language therein negatives any possible construction to the effect that the lots situated in each block were sold separately or for separate considerations, and as stated in Clark v. Thompson, 37 Iowa 536, at page 538:

"We know of no reason or rule of law requiring us to interpret tax deeds or other writings issued in tax sales, differently from other instruments which witness the transactions of men."

In the cases of Boardman v. Bourne, supra, and Byam v. Cook, 21 Iowa 392, this court was confronted with recitals in tax deeds, quite similar to the recitals in the deed involved herein; and in each of those actions this court found that such recitals established sales en masse.

Contention is, however, made by appellees, that the premises involved in fact constituted but one tract of real estate. The evidence establishes that one Abel Kimball in 1868 made and executed a plat of De Soto in Dallas County, therein convey-

ing and dedicating to the public all streets and alleys as shown in the map in connection with said plat; that the premises involved herein are included in that plat; that Blocks 2 and 4 thereof are not contiguous or abutting, but that a street designated as "Chestnut Street" separates said Block 2 and Block 4. No entry has ever been made in the office of the County Recorder of Dallas County showing a vacation of said Chestnut Street. However, the six lots in Block 2 and the six lots in Block 4 are, together with the intervening street, used as pasture land, and as such are and have been surrounded by a fence for the past 37 years.

Appellees contend, under the authority of Weaver v. Grant, 39 Iowa 294, and Greer v. Wheeler, 41 Iowa 85, that on account of the fact that the lots in both blocks and intervening street have been so used and occupied for the past 37 years as one parcel and for one purpose, that the entire premises in fact constitute but one tract or parcel, and that therefore the sale of such property jointly is not in violation of section 7252.

The two cited cases and the additional case of Martin v. Cole, 38 Iowa 141, are thoroughly discussed and analyzed in the specially concurring opinion in our recent case of Jones v. Mills County, 224 Iowa 1375, 279 N. W. 96. An analysis of those cases reveals that we are committed to the doctrine that whenever the real estate is contiguous and situated in the same section, that two or more tracts or lots thereof may be sold together where they are used and occupied as one parcel. Examination reveals, however, that in each of our cases approving this doctrine that the different tracts or lots have been contiguous and in the same section. In the Weaver case two adjoining and abutting lots were used together and a building was situated on both of them. In the Greer case the land involved is described as Lots 7 and 8 in Section 23. In the Mills County case the land was all situated in the same section and was all contiguous and abutting. In the instant case, the entire tract, together with the intervening street, has for a number of years been used for a pasture, but parties in the use thereof as one pasture have included the street, which was not a part of either block, and not the property of any owner of the premises involved. While the evidence establishes that this street has been fenced in and used in conjunction with the land in controversy for the last 37 years, yet there has been no vacation of this

street. Appellee argues that on account of this nonuse as a street, that an abandonment for street purposes will be presumed, and the public right in the street will be held to be extinguished. Even if such contention be conceded, yet the fact remains that then this tract of real estate that formerly constituted Chestnut Street is not included in the tax deed, resulting in the deed describing two tracts that are not contiguous or abutting, but with an intervening tract (formerly the street) separating the two tracts described in the deed. In the case of Martin v. Cole, supra, this court said:

"When lands are in different sections or quarters, or are not contiguous and cannot be described as one tract by one description, they do not in fact constitute one tract and cannot so be designated."

In the instant case the premises described in the deed consist of two tracts, separated by an intervening street, or tract, which two tracts are not in the same block, and cannot be described as one tract by one description.

█ Appellees also contend that the provisions of section 7252 are not applicable to a scavenger sale as directed in sections 7255 and 7255-b1. However, it will be observed that section 7255 provides that each treasurer on the day of the regular tax sale each year, or an adjournment thereof, shall *offer and sell* at public sale. Section 7252 is mandatory in its direction to the treasurer as to the method of offering for sale separately each tract or parcel of real estate. The provisions of said section as to the method of offering for sale real estate upon which taxes have not been paid must likewise control the method under which the treasurer shall *offer and sell* as directed by section 7255. We are satisfied that the mandatory directions of section 7252 relate to the sale of all real estate for taxes, and that the provisions of section 7255 do not warrant or authorize a construction permitting a sale of more than one tract or parcel jointly in contravention thereof.

█ Appellees further contend that the provisions of sections 7289 and 7290 of the Code constitute absolute bars to recovery by appellant. Section 7289, insofar as applicable, provides as follows:

"In all actions involving the title to real estate claimed

and held under a deed executed substantially as aforesaid by the treasurer, the person claiming title adverse to the title conveyed thereby shall be required to prove, in order to defeat the title, either: * * *

"4. That there had been an entire omission to list or assess the property, or to levy the taxes, or to give notice of the sale, *or to sell the property.*" (Italics furnished.)

In so far as this action is concerned, we are satisfied that appellant has successfully established that there has been an entire omission to sell the property. We have heretofore determined that the sale herein was void on account of selling the two tracts jointly or en masse, which establishes that there was in fact no sale of the property.

█ Section 7290 provides as follows:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

Appellees contend that as appellant has not paid the taxes upon the property involved, he is, under the provisions of said section, precluded from questioning the title acquired by the tax deed.

In the case of Hawkeye L. Ins. Co. v. Valley-D. M. Co., 220 Iowa 556, 260 N. W. 669, 105 A. L. R. 1018, this court held that the provisions of said section 7290 have no application to a situation wherein the tax deed was void, the court therein using the following language (page 565 of 220 Iowa, page 674 of 260 N. W.):

"One other question is raised; that is, that the plaintiff has no right to redeem where the property has gone to tax sale, unless it was a former title holder of the property, or had an estate therein. On this point defendants rely on section 7290 of the Code" (heretofore set out in this opinion).

"Having held heretofore in this opinion that the tax deed in controversy was void because issued without power or

authority, we think the aforesaid section of the statute has no application to the case before us."

The application of that quotation to the instant case, in view of our finding that the tax deed herein is void, must of necessity result in the conclusion that said section has no application to the instant case.

In addition thereto, it is to be observed that appellant in his petition made a tender of all taxes legally and rightfully due, together with interest and penalties thereon. The evidence likewise establishes that prior to the institution of this action appellant made an offer of payment to appellee Mary Beeson of said taxes, together with interest thereon, which offer was refused by said appellee. Likewise, during the trial appellant made a specific tender and offer to pay any and all sums that were due for the purpose of redemption of said premises from said tax sale.

In the case of Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868, this court uses the following language (page 526 of 208 Iowa, page 888 of 223 N. W.):

"The offer of the appellant, in his pleadings, to pay the amount found by the court to be necessary to make redemption, is a sufficient tender of payment in this equitable action, See Crawford v. Liddle, 101 Iowa 148, 70 N. W. 97. By this statement in his pleadings, the appellant offers to do equity, and that is all that is required."

In Minneapolis & St. L. R. Co. v. Pugh, 201 Iowa 208, at page 210, 205 N. W. 758, at page 759, we find the following language:

"Furthermore, the plaintiff-appellee alleges in its petition that it has previously made a tender of the taxes, and that it 'hereby tenders and offers to pay any and all sums that may be due for the purpose of redeeming all of said premises from the tax sale aforesaid.' This was sufficient. Heaton v. Knight, 63 Iowa 686, 16 N. W. 532; Taylor v. Ormsby Bros., 66 Iowa 109, 23 N. W. 288; Nicodemus v. Young, 90 Iowa 423, 57 N. W. 906."

Likewise, in the case of Grandy v. Adams, 219 Iowa 51, 256 N. W. 684, this court in construing said section 7290 uses the following language (page 53 of 219 Iowa, page 686 of 256 N. W.):

"It has been held that under this section a person con-. testing a tax sale and deed must, as a condition precedent, show that he has paid all taxes or he must tender such payment. Barke v. Early, 72 Iowa 273, 33 N. W. 677; Nicodemus v. Young, 90 Iowa 423, 57 N. W. 906; Hintrager v. McElhinny, 112 Iowa 325, 82 N. W. 1008, 83 N. W. 1063."

In view of the conclusion we have reached herein it follows that the decree of the trial court in dismissing plaintiff's petition was erroneous and must be reversed. It likewise follows that in conformity with the tender made by appellant in his pleadings, and during the trial, that decree should be entered directing appellant to make payment to appellee Mary Beeson of the amount paid by her of $135 for the purchase of the premises from Dallas County, and likewise make payment of the subsequent taxes paid by her in the sum of $6.11, together with interest at 5% per annum from the respective dates of said payments, which amounts should be paid within thirty days from the rendition of the final decree, which decree should provide that upon the payment of said amounts by appellant within said period of thirty days, that the tax deed herein involved, and likewise the deed from Dallas County to appellee, should be set aside and held for nought. Accordingly this case is reversed and remanded with instruction to prepare decree as herein directed.

Appellant's motion to strike appellee's amended abstract of record, and appellee's brief and argument, is overruled.— Reversed and remanded.

HAMILTON, DONEGAN, KINTZINGER, RICHARDS, and SAGER, JJ., concur.

MITCHELL, J., dissents.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and therefore respectfully dissent.

This record shows without dispute that although there was a street between Blocks 2 and 4, all of the real estate in question, including the street, was and had been for more than thirty-seven years enclosed in one fence and used as one tract of land.

In Weaver v. Grant, 39 Iowa 294, the syllabus reads as follows:

"The use and nature of the property must determine whether or not several lots, assessed to one owner and sold *en masse,* should be regarded as one lot. Where two lots were occupied and used for one purpose, the buildings being partly on each, it was *held* that they might be sold for taxes together."

At pages 296, 297 the court said:

"So in the case of the union for use of several lots into one tract, they would become one lot, although the natural and necessary description would be by that of its component parts. ✻ ✻ ✻

"We conclude that when the use and nature of the lots require them to be regarded as one parcel, the law will so treat them. A sale of such property as one lot will be held valid."

In the case of Greer v. Wheeler, 41 Iowa 85, at page 87 we read:

"We have repeatedly held that a sale *en masse* of two separate tracts of land is void, and that the deed made thereon showing such fact is void and will defeat the title claimed under the sale. All these decisions, however, were in cases where no attempt was made to support the deed by evidence showing that the two tracts were occupied and used as one parcel and for one purpose. Where so used we have held that they may be sold and deeded together. Weaver v. Grant, supra."

At page 88 we find the following:

" 'The deed was not void upon its face *so that it could not be supported by evidence,* nor, indeed, does it show conclusively an unlawful sale, for two tracts or lots of land may be sold for taxes together where they are used and occupied as one parcel.' "

In the case at bar there is no question that these two lots were used and occupied as one parcel.

However, it is the contention of the majority that, because the map of the original town of De Soto shows Chestnut Street lies between Blocks 2 and 4 and there is no evidence in the record showing that this street had ever been vacated, on that account they were two separate parcels of land. I am not able to find in this record any showing whether this street was ever

vacated. The only evidence produced was the map of the original town of De Soto. In fact, there is no evidence that Chestnut Street had ever been accepted by the town of De Soto and whether or not it had ever been opened. The undisputed record shows that the street had been closed for at least thirty-seven years. To me it seems more reasonable to deduce from this testimony that the street had never been accepted by the town of De Soto and had never been opened or used by the people.

In Burroughs v. Cherokee, 134 Iowa 429, at page 435, 109 N. W. 876, at page 878, this court said (quoting from the case of Weber v. Iowa City, 119 Iowa 633, 638, 639, 93 N. W. 637):

"It is therefore well settled in this and most other states that, while mere nonuser for 10 years or more will not of itself operate to defeat the public title to a street, yet where there has been such nonuser for a long time—not less than the statutory period in ordinary cases—and this is accompanied by the actual and notorious possession of the land by an individual as private property under a claim of right, an abandonment will be presumed, and the public right in the street will be held to have been extinguished."

And continues:

"Practically speaking, the land has never been opened or subjected to public use as a street since its platting 56 years ago. This is concededly true for a period of 20 years immediately before the commencement of suit, during all of which time the defendant has been in actual, exclusive possession under claim of right, without protest or interference from the city, its officers, or the general public."

At page 436 of 134 Iowa, 109 N. W., at page 879, we read:

"The loss of this right or privilege can be established only by proof of circumstances indicating a determination on its part not to avail itself thereof, and therefore in effect a refusal to accept, or which estop it from asserting the right; and this happens whenever there has been occupancy of portions of the plat set apart for public purposes by the proprietor or his grantees in a manner inconsistent with future use for such purpose and for such length of time as shall show acquiescence by the officers of the city or town in the permanent appropriation of the ground for other purposes."

In view of the facts shown in this record, that for thirty-seven years the property had been used as one tract and had been so assessed; that there is no showing that Chestnut Street was ever accepted by the town of De Soto or ever used by the people; and that, during all of this time, to-wit, thirty-seven years, it had been enclosed by a fence, the real estate in question constituted one parcel or tract of land, and therefore the inclusion of it in one deed or certificate of purchase was legal.

I would affirm the lower court.