WALTER S. WARN et al., Appellants, v. L. B. TUCKER, County Treasurer, et al., Appellees; MARSHALLTOWN MANUFACTURING COMPANY, Intervener, Appellee.

No. 46701.

JUNE 19, 1945.

C. H. Van Law and O. H. Allbee, both of Marshalltown, for appellants.

R. R. Haupert and Joe B. Tye, both of Marshalltown, for appellees.

SMITH, J.—It was stipulated the two tracts in question were separate; that plaintiffs (appellants) were the owners; that all general taxes had been paid; that the special assessments for which the property was sold were valid; and that plaintiffs' only challenge to the validity of the sale was because of the sale of the tracts en masse in claimed violation of section 7252, Iowa Code, 1939.

Defendants are the county treasurer and the original purchaser at tax sale. After suit was commenced the sale certificate was assigned and the assignee intervened and joined in resistance to plaintiffs' petition; offered to accept redemption of either or both tracts; urged that any error in selling en masse rendered the sale voidable only and was nonprejudicial as the amount necessary to redeem each tract separately could be accurately computed; and prayed that the treasurer be now required to issue a separate "correction tax certificate" for each tract; that tax deeds be issued; that if not entitled to deed it be held entitled to refund of purchase price paid; and for general equitable relief. Defendants and intervener both pleaded as a de-

fense plaintiffs' failure to pay or tender payment of the taxes, interest, and costs for which the property was sold.

Plaintiffs contended that because the sale was void and because no tax deed had issued no payment or tender of payment by them was necessary as a prerequisite to maintaining suit and being granted the relief asked.

The trial court divided the amount of the sale price, allocating to each tract the part properly chargeable to it, confirmed plaintiffs' right to redeem as to either tract or both upon paying into the county auditor's office, for the benefit of intervener, the amount or amounts so allocated, plus interest and penalty thereon from date of sale, and as to any tract not so redeemed denied plaintiffs' petition and authorized issuance of tax deed to intervener.

I. The trial court found that the "properties were separate and were separately assessed and the sale was en masse," and therefore void under section 7252, Iowa Code, 1939, and the doctrine of Jordan v. Beeson, 225 Iowa 460, 280 N. W. 625. It denied intervener's prayer for the issuance of separate "correction" certificates but granted the prayer for issuance of tax deed, subject, however, to plaintiffs' right to make statutory redemption as to either tract or both.

The decree, however, states that, "The court does **not find** it necessary to determine, and does not determine, whether the tax sale and tax sale certificate * * * are valid, void or voidable * * *." Certainly they are not valid. We agree that it is immaterial whether they be held void or merely voidable. Jordan v. Beeson, supra, seems conclusive on that point, however.

II. The principal controversy is over that part of the decree requiring plaintiffs to make payment of taxes, interest, and penalties as the condition upon which cancellation of the tax-sale certificate is allowed. It is to be observed the court did not hold that tender or payment, or even a pleaded offer to pay, was a prerequisite to the *bringing* and *maintenance* of the suit; but did require such payment as a condition precedent to granting relief.

Plaintiffs apparently assume that if any duty is to be imposed on them to pay the tax before being granted relief, au-

thority for it must be found in section 7290, Iowa Code, 1939, which provides:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing * * * that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

They argue, citing cases we shall refer to later, that, if the sale is *void,* no payment or tender of payment of taxes is necessary.

But this statute is not the basis of the decree appealed from. Nor does it furnish the only authority for a court of equity in a case of this kind to require one seeking equitable relief to do equity as a condition precedent to obtaining it.

Plaintiffs sought cancellation of, not leave to redeem from, the tax sale. They made no preliminary tender, pleaded no willingness to make either statutory or equitable redemption, and contended that the sale, being void, should be canceled without condition.

In Jones v. Mills County, 224 Iowa 1375, 1380, 279 N. W. 96, 99, plaintiffs sought injunctive relief under circumstances legally comparable to the situation here. We said:

"Having therefore determined that the assessment of the tax is valid, what standing have the plaintiffs in a court of equity, seeking to enjoin the issuance of a deed upon a tax sale for delinquent taxes validly assessed upon their property, when they have not offered or tendered the taxes due, and have in no way attempted to make redemption of all or any portion of the lands sold?"

In that case we denied plaintiffs any relief. That might well have been the result here but for intervener's prayer for affirmative relief and offer to accept repayment "with such legal interest thereon as may be determined by the Court to be due this intervenor." Pursuant to this prayer and offer the trial court granted plaintiffs the right to make statutory redemption as to either or both tracts, failing which their petition would be dismissed as to any tract not redeemed and deed would issue to intervener.

The doctrine that he who invokes equity must do equity is peculiarly applicable here. See annotations 86 A. L. R. 1221 et seq., and L. R. A. 1915C, 494 et seq. The rights of the parties are not fixed by Code section 7290, which by its express terms applies only to suits brought after tax deeds have issued. Plaintiffs cannot be granted equitable relief except upon equitable terms.

III. We might close the discussion at this point but to do so would leave some erroneous implications that could only invite future confusion as to the purpose and effect of Code section 7290.

We do not mean to imply that plaintiffs might have waited until the tax deed issued and then could have attacked it successfully without being required to pay the taxes legally due as a prerequisite to setting aside the deed. If any language in our former opinions seems to convey that impression the matter should be clarified.

Plaintiffs argue that we have so construed this Code section as to make unnecessary any payment or tender of payment of *legal* taxes, in order to set aside a tax deed based on a *void* sale. They cite four cases but before we discuss them we should refer to an earlier case upon which they are based.

In Hawkeye Life Ins. Co. v. Valley-Des Moines Co., 220 Iowa 556, 260 N. W. 669, 105 A. L. R. 1018, we held the statute inapplicable. But the tax deed in that case was void because the ostensible purchaser was held to have been acting in fact for the titleholder and his mortgagee, and the transaction was therefore held to constitute a *payment of the tax* instead of a *purchase of the property*. We pointed out further in that case that as the suit was brought by the holder of a special assessment certificate, the lien of which was apparently cut off by the pretended sale, the plaintiff was not one liable for the payment of the tax; and of course was not required to pay or tender payment of taxes that were already in legal effect *paid* by one whose duty it was to pay them.

The cases cited by plaintiffs are all explainable in harmony with the fundamental equitable principle we have held applicable here. The case of Koch v. Kiron State Bank, 230 Iowa 206, 297

N. W. 450, is similar in principle to Hawkeye Life Ins. Co. v. Valley-Des Moines Co., supra. The sale was to one who acted in behalf of defendant bank, which held a mortgage junior to plaintiffs' lien and would have been entitled to redeem if sale had been to a disinterested purchaser. Even in that case we held defendant was entitled to reimbursement for an amount that would have been required to make redemption. See 230 Iowa, pages 240, 241, 297 N. W. 450.

Jordan v. Beeson, supra, 225 Iowa 460, 467, 468, 280 N. W. 625, most closely resembles the instant case in its factual situation. We held there that the tax deed was void and that section 7290 did not apply to require plaintiff to pay the tax before commencing suit. But in that case plaintiff did in his petition tender payment of all taxes legally due, and we required that the decree impose the condition upon plaintiff to repay defendant the amount she had expended in making the purchase.

Thompson v. Chambers, 229 Iowa 1265, 1274, 296 N. W. 380, 385, is cited. It reiterates the proposition that where the tax deed is void section 7290 does not apply. But in that case the invalidity was due to the fact that the taxes for which the property was sold had been legally suspended. We said:

"Aside from all the foregoing, since it is our conclusion that the taxes for the three years * * * had been legally suspended, it seems plain to us that there were no taxes owing by appellee which it was her duty to pay or tender as a prerequisite to obtaining relief."

Manifestly, that case is not inconsistent with our conclusion here.

In the case of Inter-Ocean Reinsurance Co. v. Bartleson, 234 Iowa 335, 337, 11 N. W. 2d 688, 689, the tax-deed holder was itself the plaintiff. It brought suit to quiet its title. Defendant and intervener claimed invalidity of the tax deed in that service of notice of expiration had not been made upon the party in possession. The appeal was taken from the action of the court in striking this defense on plaintiffs' motion. Appellants argued that the statute does not require the one questioning the tax title to make an "actual tender of money other than in the pleadings." The case was reversed. The result

was merely a holding that the trial court erred in striking the defense; that a tender in the pleadings was sufficient; and that appellants were not required to pay the taxes as a prerequisite to attacking appellee's tax title.

In none of these cases was there any repudiation of the doctrine that requires one to pay a valid tax, legally due and owed by him, before equity will grant him relief from a void sale that has not, by reason of its invalidity, made such payment impossible or more difficult.

Our conclusion finds support in Inter-Ocean Reinsurance Co. v. Morrison, 225 Iowa 1336, 283 N. W. 909; Barke v. Early, 72 Iowa 273, 33 N. W. 677; Witmer v. Polk County, 222 Iowa 1075, 276 N. W. 323; and Gardner v. Early, 69 Iowa 42, 46, 28 N. W. 427, 429. In the last-cited case, after holding that the treasurer did not have power to make the sale, Justice Seevers, speaking for the court, said:

"The sale and deed, however, are invalid, but the purchaser has discharged a debt which the owner was bound to pay. The purchaser cannot be regarded as an intermeddler. The taxes were in fact paid by him, and such payment is beneficial to the owner. The deed upon its face is valid, and the plaintiff asks a court of equity to set it aside. This should not be done unless the plaintiff is willing and offers to do equity; that is, pay the taxes or amount paid by the purchaser. In aid of this well-established rule in equity public policy may be invoked, for the public welfare requires that taxes should be paid, and that, where the owner fails, other persons will do so by purchasing the land when offered for sale by the state and county. The sale is public, and the presumption must obtain that the owner has, or is bound to have, knowledge of the sale, and he is bound to know whether he has paid his taxes. The purchaser should therefore be protected to the extent that the right obtained should not be set aside except on condition of repayment by the owner, provided the taxes have been legally levied, and have not been paid."

Section 897 of the Iowa Code, 1873, was then in force, substantially the same as present Code section 7290. See, also, Kessey v. Connell, 68 Iowa 430, 27 N. W. 365.

IV. There still remains the question of the terms upon which plaintiffs will be permitted to redeem and in default of which redemption intervener will be entitled to receive deed. The decree granted plaintiffs the right, upon payment of the sale price as to either tract or both, *"together with interest and penalty thereon * * * as provided by law for the redemption from tax sales."* This means four per cent penalty and six per cent interest per annum. See sections 6037 and 7272, Iowa Code, 1939.

This is not consistent with the intervener's offer to accept *"such legal interest thereon as may be determined by the Court to be due this intervenor."* Neither is it consistent with the equitable principles which justify requiring the landowner to do equity as a condition precedent to receiving equitable relief.

The purchaser discharged a debt which plaintiffs owed. The intervener, as assignee of the sale certificate, is entitled to be made whole if its certificate is to be canceled in whole or in part. It should not, however, be permitted the benefit allowed the holder of a valid certificate upon redemption, or the holder of a tax deed, set aside for invalidity of the sale. It is entitled only to a return of its assignor's expenditure, plus legal interest of five per cent per annum from date of sale.

There are decisions in which the owner was required to pay the tax, *with penalties,* to the holder of a void or voidable *tax deed,* where the tax itself was valid and enforceable. Barke v. Early, supra; Besore v. Dosh, 43 Iowa 211; Miller v. Corbin, 46 Iowa 150; Everett v. Beebe, 37 Iowa 452; Light v. West, 42 Iowa 138.

These earlier cases were later distinguished from one in which the *sale* was held void but no tax deed had yet issued. In Roberts v. Merrill, 60 Iowa 166, 167, 14 N. W. 235, it is said:

"In the cited cases a treasurer's deed had been executed, and an action brought to set it aside, and the decisions are grounded on the fact that the deed vested in the purchaser all the interest of the State and county, and, while the deed at the election of the owner would be set aside, yet it was held sufficient to pass to the purchaser such title. Therefore, it was ruled that the

purchaser was entitled to such interest and penalty as the county would have been entitled to if there had been no sale.

"In the present case, the offer to redeem was made before the execution of a treasurer's deed; therefore, the reasons upon which the foregoing cases are based have no application. * * *

"The defendants have paid certain taxes the plaintiff was legally bound to pay, and the latter should pay such sum, with six per cent interest, because the money was paid for the use and benefit of the plaintiff. There is no principle of law or equity which will entitle the defendants to more than this."

We think this is the correct rule to be applied in the instant case.

In our later cases of Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868, and Koch v. Kiron State Bank, supra, the deed had issued and the principle involved in Barke v. Early, supra, was applied. They do not conflict with our holding here.

Some decisions from other jurisdictions will be found cited in annotations L. R. A. 1915C, 511, 512.

The decree should be modified in the respect herein pointed out and as so modified will be affirmed and remanded for such further proceedings as may be found necessary. Reasonable additional time of thirty days from the date of issuance of procedendo will be allowed plaintiffs in which to exercise their right of redemption as herein modified.—Modified, affirmed, and remanded.

All JUSTICES concur.